CLARENCE SIMONDS V. THE STATE.

No. 3493.   Decided April 14, 1915.

**1.—Theft of Goats—Continuance—Attorney and Client.**

Where defendant's motion to continue the cause on the ground that his principal attorney was absent, the same was addressed to the equitable power of the court, and as defendant had two attorneys to represent him, the court did not abuse his discretion in overruling the motion for continuance.

**2.—Same—Same—Change of Venue—Affidavit.**

Where, upon trial of theft of goats, after the application for a continuance on the ground of the absence of defendant's principal counsel was overruled, he presented an application for change of venue supported by affidavit sworn to before counsel of defendant, which he offered to supply by proper affidavits before the clerk, and the State demurred because the affidavit was taken before the defendant's counsel as notary public, and the court declined to permit the defendant to file proper affidavits so that the application for change of venue could be heard, the same was reversible error, as defendant had not announced ready for trial.

**3.—Same—Case Stated—Change of Venue.**

Where defendant had drawn his application for change of venue in accordance with the provisions of the Code; no controverting affidavit being filed, and when objection was made by the State it was sworn to before one of the defendant's counsel, he asked leave and permission to have it sworn to before the clerk; this permission should have been granted, and if no controverting affidavit was filed, defendant was entitled to have the venue changed as a matter of right; otherwise, he had a right to introduce evidence on his motion.

**4.—Same—Jury and Jury Law—Change of Venue.**

Where, upon trial of theft of goats, the defendant asked one of the jurors if there was not in the county general prejudice against him, to which the court sustained an objection, after he had overruled defendant's application for change of venue, and every avenue was thus closed as to defendant's showing that a condition existed which would authorize a change of venue, although an application for a change of venue was filed in time, the same was reversible error.

**5.—Same—Evidence—Change of Brand and Mark.**

Upon trial of theft of goats, there was no error in admitting testimony that the witnesses looked at some of the brands and marks of the goats and that the same appeared to have been changed.

**6.—Same—Evidence—Practice in District Court.**

Upon trial of theft of goats, the court did not err in refusing to have the goats brought into court, a view of the goats by the jury was not permissible, but the defendant by proper application should · have been permitted to view the goats if they were in possession of the prosecution, and then with other witnesses could have testified to the brand, etc.

**7.—Same—Expert Testimony.**

Where the witness qualified himself as an expert, it was permissible for him to testify that he had examined the brand on the alleged stolen goats and that the same had the appearance of having been burned over, etc.

**8.—Same—Competent Witness.**

Where witness had been found guilty of theft, but his sentence was suspended and no final judgment had ever been pronounced against him, he was a competent witness.

**9.—Same—Evidence—Defendant as a Witness—Credibility of Witness.**

Where defendant took the stand as a witness, it was permissible to show that there was another indictment pending against. him for felony, the court properly limiting said testimony to his credibility.

**10.—Same—Charge of Court—Suspending Sentence.**

Upon trial of theft of goats, where defendant made an application for the suspending of the sentence in the event he was convicted, it was error for the court to instruct the jury that they could not suspend the sentence, unless they found that defendant had never before been guilty of a felony, and had also theretofore borne a good reputation as a law-abiding citizen, as this was a limitation on the jury's right to suspend the sentence.

**11.—Same—Rule Stated—Suspension of Sentence—General Reputation.**

Evidence of the prior reputation of defendant is admissible where he seeks a suspension of sentence, to aid the jury in passing on that issue, but the only prerequisite to the right of the jury to suspend the sentence, if they desire to do so, is that they must first find that he had not theretofore been convicted of a felony, and the court, in his charge, should not require that they also find that his prior reputation had been that of a law-abiding citizen.

**12.—Same—Sufficiency of Evidence—Practice on Appeal.**

Where the judgment is reversed and the cause is remanded on other grounds, it is not necessary to discuss the. sufficiency of the evidence; however, it should have been shown that the alleged property was or had been in the defendant's possession.

Appeal from the District Court of Edwards. Tried below before the Hon. R. H. Burney.

Appeal from a conviction of theft of goats; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. E. Friestman* and *George M. Thurmond* and *Martin & Martin*, for appellant.—On question of change of venue: Carr v. State, 19 Texas Crim. App., 635; Morris v. State, 43 Texas Crim. Rep., 291; McGregor v. State, 71 id., 604.

On question of witnesses examining brand and testifying thereto: Lara v. State, 89 S. W. Rep., 840; Gaines v. State, 38 Texas Crim. Rep., 202; Hardin v. State, 40 id., 208.

On question of inspection of goats by defendant to acquire testimony as to their brand, etc.: Weaver v. State, 52 Texas Crim. Rep., 11, 105 S. W. Rep., 189; Gray v. State, 114 S. W. Rep., 635; Koller v. State, 36 Texas Crim. Rep., 499.

On question of expert opinion: Hardin v. State, 40 Texas Crim. Rep., 208; Cooper v. State, 23 Texas, 331.

On question of competency of witness: Carr v. State, 19 Texas Crim. App., 635.

On question of court's charge in not limiting testimony: Bennett v. State, 43 Texas Crim. Rep., 241.

On question of suspension of sentence and court's charge: Onstott v. State, 170 S. W. Rep., 301; Mooney v. State, 164 S. W. Rep., 828.

On question of change of venue: Sorrell v. State, 167 S. W. Rep., 356.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of representation by counsel: Branch's Crim. Law, sec. 258.

HARPER, JUDGE.—Appellant was convicted of theft of seventy-four head of goats and his punishment assessed at two years confinement in the penitentiary, and from which judgment he prosecutes this appeal.

It is made to appear from the record that when the case was called for trial the State announced ready, when appellant filed a motion asking for continuance of the cause on the ground that his principal attorney, Hon. Will A. Morriss, was unable to attend court, setting forth that Mr. Morriss was more familiar with the facts in issue and with the witnesses and parties, and specially alleging that by "reason of the conditions and the influences brought to bear against the defendant the presence of said Morriss becomes indispensable." The sentence in quotation is copied by reason of the facts hereinafter recited. This motion was one addressed to the equitable power, and presented no strictly legal ground for a continuance, as appellant had two attorneys who were in attendance. And it being addressed to the sound discretion of the court, we would not feel authorized to hold that the court abused his discretion in overruling the motion for a continuance.

In the next bill it is shown that when the court overruled the application for a continuance he ordered the clerk to call the jury in the box, when appellant stated to the court he was not ready to make an announcement in the case, but desired to present an application for a change of venue, which the court ordered the clerk to file. The application for the change of venue presented both statutory grounds, and further alleged that there were only about eighty qualified jurors in the county; that subtracting from this number the grand jurors, officers in the county, and witnesses in the case, there would be left not over thirty-five jurors not thus disqualified, and that twelve men out of that number could not be selected who would be unbiased, fair and impartial. He further alleged that men had been employed to bring about a state of feeling adverse to appellant and create a sentiment and belief that

he was guilty of the crime charged. This application was signed by appellant and supported by the affidavits of J. W. Smith and J. M. York. No controverting affidavit was filed by the State, but a motion was filed asking the court to strike out the plea on two grounds: first, that it was filed too late, the State having announced ready for trial, and the defendant having filed a motion for a continuance; second, on the ground that the application for a change of venue was sworn to before one of counsel for appellant, who was a notary public. As soon as this demurrer or motion was filed, appellant asked leave of the court to amend the application for a change of venue by having it sworn to before the clerk of the court. This the court declined to permit him to do, and sustained the motion of the district attorney to strike the application for a change of venue from the record, and refused to hear evidence as to the truth or falsity of the allegations. In this we think the court erred. Article 617 of the Penal Code provides that an application may be presented at any time before either party announces ready for trial. Appellant not only had not announced ready for trial but was contending that before being compelled to announce he had a right to present and have heard this application for a change of venue. It may be contended that it should have been presented before a motion for continuance was filed, but in the application for a continuance it is made to appear that he desired his principal attorney, Hon. Will A. Morriss, present before presenting the application for a change of venue, for in the application for a continuance he says: "That by reason of the conditions and the influences brought to bear against this defendant in this case the presence of said Morriss is indispensable." We do not think an effort to have the case postponed until he could get the attorney employed by him to conduct the examination of the witnesses on the hearing of application for a change of venue would or should deprive him of the right, when that application is overruled, to then file his application for a change of venue. It is drawn in accordance with the provisions of the Code; no controverting affidavit was filed; and when objection was made that it was sworn to before one of his attorneys, he asked leave and permission to have it sworn to before the clerk. This permission should have been granted, and if no controverting affidavit was filed, he was entitled to have the venue changed as a matter of right. If a controverting affidavit had then been filed, he had a right to have heard the evidence on the motion.

Ordinarily, all one can ask a juror is, whether or not he entertains any bias or prejudice against the defendant, but as the court had refused appellant permission to adduce testimony on his application for a change of venue, when he was questioning the jurors, he asked Mr. Bishop, among others, if he was well acquainted with the citizenship of the county, and when the juror answered that he was, appellant asked the juror if there was not in the county a general prejudice against him. The court, in approving the bill, states, "That no limitation was placed on counsel in asking as to any prejudice of any juror, but only stopped an inquiry as to conditions generally over the

county with reference to prejudice against the defendant." It is thus seen that every avenue was closed as to defendant showing that a condition existed which would authorize a change of venue, and this court is not enabled to pass on that question, but we can and do hold that the application for a change of venue was filed at a time authorized by law, and when appellant asked permission to amend it by having it sworn to before the clerk, permission should have been granted, and the evidence heard or the change of venue granted.

It is made to appear that Leo Kelly was permitted to testify that "The sheriff and the other members of the posse caught the goats, looked at their brands and found some brands, showing where a new brand had been run over an old brand and the marks showing there had been a change on marks, that the sheriff and his party found brands on the left jaw of the goats to be rather fresh in appearance and the marks not so very old." The court did not err in permitting the witness to so testify. Kelly had testified that the goats he had lost were branded L; that the goats found by him and the sheriff were branded Z, and then it was permissible for him to describe the condition of the brand, etc., and to the facts that would tend to show that the brand was originally L and had been changed to Z by running over the brand and running a line at the top to make a Z out of an L. The same may be said of the testimony of S. S. Henry, L. A. Clark and T. M. Kelly. Of course, if as contended by appellant they were permitted to testify to what each other said on that occasion and to refer to the goats as stolen property, etc., this should not have been permitted, but the court, in approving the bill, states that they were permitted only to state what each saw and what was in fact found on examination of the goats.

The court did not err in refusing to have the goats brought into court. A view of the goats by the jury is not permissible, neither can they be introduced in evidence. If the goats are in possession of the prosecution, the appellant will be permitted to view them on proper application, we feel sure, and then he and those who go with him can testify as to the brand, etc.

S. S. Henry testified to facts that showed he was an experienced stockman—having been engaged in that business for some fourteen years or more, and having before this seen brands that had been burned. It was permissible for him to tell that he had examined the brands on the goats in question, as to the condition he found the brands, and the further fact that an old brand was on the goats, and that it had the appearance of having been burned over, and parts of the brand appeared to be fresh.

While it is shown that D. O. Haynes had been adjudged guilty of theft at a prior term of the court, yet the judgment in that case also shows that the sentence was suspended, and no sentence or final judgment had ever been pronounced against him. Under such circumstances he was a competent witness, and the court did not err in so holding.

The appellant having taken the stand as a witness in his own behalf, it was permissible to show that there was another indictment pending against him charging him with a felony, as affecting his credit as a witness, but if the charge had been excepted to on the ground that such testimony was not so limited, it should have been sustained. We say this in view of another trial.

Another thing which is complained of in this court but not called to the attention of the trial court, which we will mention in view of another trial. The court in his charge in instructing the jury in regard to suspending the sentence in case they found appellant guilty, instructed them they could not do so unless they found "that he had never before been guilty of a felony, and *had also theretofore borne a good reputation* as a law-abiding citizen." This is not the law, and the jury's right to suspend the sentence should not have been so limited. Evidence of the prior reputation is admissible where one seeks a suspension of sentence to aid the jury in passing on that issue, but the only prerequisite to the right of the jury to suspend the sentence if they desire so to do is that they must first find he had not theretofore been convicted of a felony, and the court in his charge should not require that they also find that his prior reputation had been that of a law-abiding citizen. The court could and should have probably limited the effect of this testimony to the issue of whether or not the jury would suspend the sentence in a proper charge, and told them under the facts in this case it was only admitted on that issue. We have said this much in view of another trial of the case.

This disposes of all the bills of exception in the record, but the ground most strenuously insisted on by appellant is that the evidence will not support the verdict. As the case will be reversed on other grounds, we will not discuss that feature of the case, but only suggest that if appellant was in possession of the Wallace pasture, where it is claimed the goats were found, this fact should be shown on another trial, or some evidence adduced that the goats were or had been in his possession.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*