## CHAS. KOEHAN AND LEE MANNING v. THE STATE.

### No. 7402.   Decided February 7, 1923.

**1.—Misdemeanor Theft—Transfer from County Court to County Court at Law.**
  The docket and minute entries of orders and judgments but reflect the real judgments of the courts, and where the county judge directed the transfer of the instant case to the County Court at Law prior to the docketing of said case, in the latter court, etc., it was sufficient.

**2.—Same—Plea to the Jurisdiction—Practice in Trial Court.**
  A plea to the jurisdiction comes too late when made after trial, and appellants after submitting themselves to the jurisdiction of the County Court at Law and taking chances upon their acquittal cannot by complaint first appearing in their motion for new trial, object to the jurisdiction of said court.

Appeal from the County Court at Law of El Paso.   Tried below before the Honorable J. M. Beaver.

Appeal from a conviction of misdemeanor theft; penalty, twelve months imprisonment in the county jail.

The opinion states the case.

*A. T. Folsom* and *R. B. Daniel,* for appellants.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellants were convicted in the County Court at Law of El Paso County of misdemeanor theft, and their punishment fixed at twelve months in the county jail.

There is no statement of facts in the record, and none of the matters complained of in appellant's motion for new trial relating to errors in the admission or rejection of testimony can be considered. Neither is there a bill of exceptions in the record.

It appears that the complaint herein was first filed in the County Court of El Paso County and was subsequently transferred to the County Court at Law, and that at the time of such transfer a notation of this fact was made upon the docket by the judge of said County Court. The case was called for trial and tried in the County Court at Law the next day. As far as we are informed by this record no objection was made by appellants to being so tried, but complaint is made in the motion for new trial of the fact that the County Court at Law had no jurisdiction of this case because the order of transfer had not been entered in the minutes of the County Court, prior to the time of trial.

We deem the complaint of no merit. The docket and minute entries of orders and judgments but reflect the real judgments of the courts. It is unquestioned that the county judge did direct the transfer of this case to the County Court at Law, prior to the docketing of said case in the latter court, and also that he had made a notation on his docket of the fact that he had so directed said transfer. This was sufficient.

A plea to the jurisdiction comes too late when made after trial, and appellants, after submitting themselves to the jurisdiction of the County Court at Law and taking chances upon their acquittal or conviction therein, cannot by complaint, first appearing in their motion for new trial, object to the jurisdiction of said court. The County Court at Law of El Paso County was a court of competent jurisdiction to try misdemeanor thefts committed in said county. Appellants having submitted themselves voluntarily to such jurisdiction and having invoked all the rights and remedies incident to a trial in said court, could not thereafter present a plea to the jurisdiction based upon a failure to extend a docket entry into the minutes such as above appears.

No error appearing in the record, the judgment of the court below will be affirmed.

*Affirmed.*