## DECEMBER, 1924.

J. M. LINDLEY v. THE STATE.

No. 8913. Delivered Dec. 10, 1924.

Rehearing denied Feb. 4, 1925.

**1.—Possessing Intoxicating Liquor—Jurisdiction—of Criminal District Courts of Dallas County.**

It appears from the record that appellant, pleaded guilty to the charge. The indictment in this cause was returned into Criminal District Court No. 2, of Dallas County. The cause was transferred to the Criminal District Court of Dallas County. It was tried, on a plea of guilty in the Criminal District Court of Dallas County, but with Hon. C. A. Pippen presiding as Judge. Objection to this procedure is presented for the first time in this court. It comes too late.

ON REHEARING.

**2.—Same—Indictment—Variance in Numbers of.**

The question of a variance between the numbers of the indictment appearing in the record, comes too late, presented for the first time in this court. The transcripts in the cause, were evidently, inaccurately and carelessly prepared by the clerk of the District Court of Dallas County, but a careful inspection of the corrected transcript reveals, that appellant, was indicted, tried and convicted, and appeals from the conviction under cause No. 4302 in the same court by its proper judge in which the indictment was originally returned.

Appeal from Criminal District Court No. 2, of Dallas County. Hon. C. A. Pippen, Judge.

Appeal from a conviction of possessing intoxicating liquor for purposes of sale; penalty, one year in the penitentiary.

*Rasbury, Adams & Harrel,* for appellant.

*Shelby Cox,* District Attorney, of Dallas; *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Dallas County of possessing intoxicating liquor for purposes of sale, and his punishment fixed at one year in the penitentiary.

The indictment in this case appears to be in conformity with law as is the charge of the court in a case where there is a plea of guilty. It appears from the record that appellant pleaded guilty to the charge. At the time of appellant's trial in the Criminal District Court of Dallas county he made no complaint as far as the record shows of the fact that the indictment had been returned in Criminal District Court No. 2 of said county, or that Hon. C. A. Pippen, Judge of said court, sat on this trial. He attempts to raise these questions in this court for the first time. The contention comes too late. In English v. State, 18 S. W. Rep., 678, cited by appellant, the objections were presented before venue was changed. In Arts. 97ff and 9711 of Vernon's Complete Texas Statutes 1920, it appears that Criminal District Court of Dallas County and Criminal District Court No. 2 of said county are given concurrent jurisdiction in all felony cases of which either has jurisdiction and that the judge of either of said Criminal District Courts of Dallas County may, in his discretion, in the absence of the judge of the other of said courts, try and dispose of any cause or causes then pending on the docket of such other court. From a corrected transcript now on file we note that while this cause was in fact transferred from Criminal District Court No. 2 to Criminal District Court of said county and the transfer noted on the docket, the order was not then extended into the minutes, but this has now been done. The question as to variance in the number is raised too late. Hughey v. State, No. 8033, opinion handed down December 3, 1924.

The judgment will be affirmed.

*Affirmed.*

### ON REHEARING.

LATTIMORE, JUDGE.—Appellant files an able motion for rehearing, devoting himself to a discussion of two propositions, one that the Criminal District Court of Dallas County had no jurisdiction in this case because there had been no order of transfer from Criminal District Court No. 2 entered in the minutes, and, therefore, the Criminal District court was without jurisdiction; the other that Hon. C. A.

Pippen, Judge of Criminal District Court No. 2, had no authority to preside in the trial of this case, the record failing to show cause or reason for his presence and presiding at the trial.

We have had much trouble with transcripts from Dallas County, and the case before us presents no exception. We find two transcripts, one of which we will call the original, being filed in this court August 1, 1924, and another purporting to be a "corrected transcript" filed here November 12, 1924. Each reflects inaccuracy and carelessness, but we have tried patiently to arrive at a fair disposition of the questions raised by appellant in his motion,—with both transcripts before us. From the original transcript we learn that on May 23, 1924, an indictment against J. M. Lindley No. 4302 was returned into the Criminal District Court of Dallas County. The capias and alias appearing in this transcript seem to have been issued in cause No. 7347, State v. J. M. Lindley. The plea of guilty, judgment, etc., in cause No. 4302 were had in the Criminal District Court of Dallas County before "C. A. Pippen, Judge" on June 13, 1924.

In the "corrected transcript" the caption shows that the trial took place in the Criminal District Court of Dallas County, and in cause No. 4302. The recital of the return of the indictment set out in said transcript refers to cause No. 7347, State v. J. M. Lindley, and shows that an indictment having said number was returned into Criminal District Court No. 2 of said county on May 23, 1924. The *nunc pro tunc* order complained of in appellant's motion and argument, appears to have been made in cause No. 7347. The charge of the court, the verdict, the judgment and sentence appearing in the "corrected transcript" were in cause No. 4302, in the Criminal District Court of Dallas County.

If we are able to comprehend this case, there were two indictments returned against J. M. Lindley, one in cause No. 4302, which was returned in the Criminal District Court of said county, and one in cause No. 7347, which was returned in Criminal District Court No. 2. What the charge in cause No. 7347 was does not appear from this record and is of no concern to us. Taking both transcripts together, it appears that cause No. 4302, under which this trial was had, was originally returned into the court in which appellant was finally tried by the judge of Criminal District Court No. 2.

On the point that the record reflects no reason or cause for the presence or the presiding of the judge of Criminal District Court No. 2 in a district court other than his own, we observe that the statutes, Art. 1715, Vernon's Complete Texas Stats. 1920, provide that district judges may exchange benches when they deem it expedient, —and, as we understand the authorities, when there is such exchange it is not necessary that the dockets or minutes show a reason for so

doing.  Marx v. Weir, 130 S. W. Rep., 621; State v. Hart, 134 S. W. Rep., 1178; Connellee v. Blanton, 163 S. W. Rep., 404.

Being unable to agree with appellant's contention, his motion for rehearing is overruled.

*Overruled.*