# MAY, 1925.

### E. R. Majors v. The State.

*No. 8828.   Delivered May 6, 1925.*

Rehearing denied June 10, 1925.

1.—Manufacturing   Intoxicating   Liquor—Witness—Under   Suspended   Sentence—Incompetent.

Appellant contends that his codefendant Biano, who had first been tried for the same offense and convicted and given a suspended sentence, should have been permitted to testify in his behalf. We have held in many cases that a witness convicted of a felony and given a suspended sentence is not a competent witness for a co-defendant until finally discharged from the effects of such conviction. °See·Art. 91, P. C.; Art. 791, C. C. P., Art. 865, b to 865 f, inclusive, of Vernon's C. C. P. Following Watts v. State, 171 S. W. 202, Sunday v. State, 177 S. W. 97.

2.—Same—Charge of Court—Corroboration of Confession—Properly Refused.

The court properly refused a special charge that defendant could not be convicted upon his own uncorroborated statements alone. The evidence established that appellant was caught in the act of manufacturing whisky with a still in operation, and when arrested made a *res gestœ* statement, admitting guilt, and no issue of corroboration was present in the case. Following Copeland v. State, 94 Cr. Rep. 112, 249 S. W. 295, Bell v. State, 92 Cr. Rep. 342, 243 S. W. 1093.

3.—Same—Special Charge—Issue Not Raised—Properly Refused.

Where a defensive issue is not raised by the evidence, a special charge submitting such issue should be refused. The court in this case properly refused a special charge that the mere presence of the defendant at the

scene of the manufacture of the whisky was not sufficient to warrant a conviction, his guilty participation being conclusively proven.

**4.—Same—Evidence—Properly Excluded.**

Where the sheriff had testified that he tasted some of the whisky found in possession of appellant at the time of his arrest, it was not error for the court to refuse to compel, the said witness to say how much of it he had drank.

**5.—Same—Jurisdiction—Plea to—Must be Written.**

Where a verbal motion was presented questioning the jurisdiction of the trial court on account of an irregular transfer of the cause from the 16th judicial district court to the 58th district, such motion was properly overruled, because not in writing. See Art. 577, Vernon's C. C. P.; Art. 573 C. C. P. Following Garner v. State, 138 S. W. 124, and other cases cited.

Appeal from the District Court of Jefferson County. Tried below before the Hon. Geo. C. O'Brien, Judge.

Appeal from a conviction for the manufacture of intoxicating liquor; penalty, three years in the state penitentiary.

The opinion states the case.

*Howth Adams, O'Fiel & Hart,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris.* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted in the Fifty-eighth District Court of Jefferson County of manufacturing liquor and his punishment assessed at three years' confinement in the penitentiary.

The record shows that the appellant and one Pete Biano were jointly indicted for manufacturing intoxicating liquors and said Biano was first tried and convicted and given a suspended sentence, and immediately thereafter appellant was tried and convicted as above stated.

Appellant complains of the action of the court in not permitting him to use his co-defendant as a witness in his behalf to show that the equipment and all of the ingredients used and being used to manufacture the whisky in question belonged to said witness and not to the defedant. The undisputed facts show that the witness Biano was then under a suspended sentence for the same offense charged against this defendant. Arts. 91 P. C. and 791 C. C. P. of Vernon's Statutes provide that persons charged in the same or separate indictments can not be introduced as witnesses for one another, but may claim a severance and if any one is acquitted or the prosecution dismissed he can testify in behalf of the others. Arts. 865-b to 865-f, inclusive, of Vernon's C. C. P. deal with suspended sentences and, we think, contemplate that the defendant when under judgment of a suspended sentence is to remain under

100 Tex. Crim.—20.

the effects of such charge and conviction during the time assessed against him and until the expiration thereof, he is then permitted to allege and show the court by evidence that he has not been convicted of any other felony during said time and no other felony charge is pending against him; thereupon he can have the judgment set aside and the case dismissed. These statutes relative to suspended sentences and Arts. 91 and 791, *supra,* we think, when construed together, clearly show that it was the intention of the Legislature to render the witness Biano an incompetent witness for the defendant. Furthermore, this contention as made by the defendant has been overruled by this court in the cases of Watts v. State, 171 S. W. 202, and Sunday v. State, 177 S. W. 97.

Appellant complains of the action of the court in refusing to give a special charge in this case to the effect that the defendant could not be convicted upon his own uncorroborated incriminatory statements alone. Under the peculiar facts of this case, we are unable to agree with the appellant in this contention, and especially as being applicable to the facts as made by the record in this case. The record discloses the still was in operation and that the statements made by the defendant were made at the still at the time of his arrest and immediately thereafter, to the effect that he was not doing anything more than other people and was not making poisonous whisky but was making good whisky, and remarking that "You have got me." These were *res gestæ* statements, and we do not believe that the principle of law contended for, by defendant would be applicable to *res gestae* statements. Copeland v. State, 94 Cr. App. 112; 249 S. W. 295; Bell v. State, 92 Cr. App., 342, 243 S. W. 1093.

There is also complaint made of the refusal of the court to give a special charge requested by the defendant to the effect that his presence was not sufficient to warrant a conviction. We concede that this is a sound proposition of law, but do not assent to the proposition that it was error to refuse the charge in this case. The undisputed testimony shows when the officers ran up and arrested the defendant and his co-defendant that they were making whisky and that the defendant made the statements above set out, and there was no evidence to the contrary introduced by the defendant, and he was not a witness in his own behalf, and in fact no issue raised which authorized as required such a charge, and we do not believe the court was in error in excluding same.

There is also complaint made by appellant to the action of the court in ruling upon the testimony of sheriff Garner on cross examination, wherein it apears that appellant's counsel insisted that the sheriff should be made to state how much whisky he drank which was taken from the possession of the appellant at the time of the

arrest. The sheriff testified that he tasted the liquor and that it was whisky, and the bill as qualified by the court, which we are bound to accept as a part of the record, states that after the witness had testified that he had about forty years' experience in tasting and smelling whisky and that he had tasted the whisky in question and that it was whisky, then the appellant insisted on his stating how much of same he drank, and the witness responded that he could not say and would not say how much he drank, because he did not know. We are of the opinion that there is no error shown in the record in this particular.

The next and most serious question we find in the record is the appellant's complaint of the court's trying this case over his objection because the indictment was returned into the Sixtieth District Court and that same was not legally transferred to the Fifty-eighth District Court—said bill showing that the only evidence of such transfer was by notation on the docket in the handwriting of the clerk, appellant contending that there was no order made by the Judge of the Sixtieth District Court transferring said cause. The trial court, in explaining this bill, states that when this case was first called in his court for trial the defendant forfeited his bond, and when next called he raised the question as above stated, and that it had been the custom for more than five years followed by both courts of Jefferson county in regard to transferring criminal cases for the district attorney and the clerk to transfer same at any time they saw proper, the judges many years ago having given their verbal consent for the district clerk, on order of the district attorney, to make such transfers. It appears from this bill that when the case was called the defendant through his counsel made an oral motion questioning the jurisdiction of the trial court to try the case by reason of same not having been legally transferred, and that there was no written motion or affidavit made by the defendant and presented to the court in this instance. Now, the question arises for our consideration is whether or not the law contemplates a written motion or an oral motion calling the court's attention to such matters.

Vernon's C. C. P., Art. 577, is as follows:

"All motions to set aside an indictment or information, all special pleas and exceptions shall be in writing."

Art. 573, C. C. P., provides:

"Every special plea shall be verified by the affidavit of the defendant."

In the case of Garner v. State, 138 S. W. 124, this court through Judge Prendergast, in construing Art. 575, C. C. P., stated:

"The fourth subdivision thereof clearly, we think, indicates that unless the indictment or information itself shows upon its face that the court had no jurisdiction, that it should be incumbent upon

the appellant to plead in writing under oath whatever facts were necessary to show that the court in which the trial was proceeding had no jurisdiction (citing the statute). Unless this is done the court could not do otherwise under the statute under which this prosecution was had, the indictment being regular on its face charging a felony, than proceed with the trial.''

This doctrine is also announced in Wrenn v. State, 200 S. W. 846, and Stone v. State, 206 S. W. 941.

The indictment in this case is regular on its face and does not show but that it was presented and filed in the trial court of this case, and under the statutes *supra* and the decisions *supra* we are of the opinion that unless the motion was made by the appellant in writing and the statutes and the decisions followed we would be unauthorized to disturb the ruling of the trial court in this case.

After a careful examination of the entire record, we have been unable to discover any reversible error in the trial of this case, and the judgment of the trial court is accordingly affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING

LATTIMORE, Judge.—Appellant cites Simonds v. State, 175 S. W. Rep. 1064 and Espinoza v. State, 165 S. W. Rep. 208, as being opposed to the announcement in our original opinion that his co-defendant Biano, who had been convicted for complicity in the same offense and given a suspended sentence, was not a competent witness in his behalf. We fear appellant has not apprehended the distinction between the cases cited in our opinion and those just referred to. We did not uphold the rejection of Biano's testimony on the ground that one under a suspended sentence is thereby rendered incompetent as a witness generally. Th question was not before us. In Espinoza v. State, *supra*, the testimony of a witness who had been convicted and given a suspended sentence was held properly admitted, when offered for the State. Had the witness been offered for the accused, under circumstances similar to those in this case. his testimony should have been rejected. The ruling is in response to Art. 791, C. C. P., which forbids those indicated for the same offense to be used as witnesses for each other. One who has been convicted and given a suspended sentence, still has the indictment pending against him until after the expiration of the sentence, when upon proper showing a new trial is granted and the case dismissed. We

have examined each of the other contentions made by appellant and believe them without merit.

The motion for rehearing is overruled.

*Overruled.*