JOE SLIVA v. THE STATE.

No. 8966.    Delivered May 20, 1925.·

Manufacturing Intoxicating Liquor—Witness—Co-Principal—When Competent.

Where wife of appellant, a co-principal with him, had been previously convicted of the same offense, given a suspended sentence, and said suspended sentence had been dismissed, she was a competent witness to testify in his behalf, and the court erred in refusing to permit her to do so. See Arts., 788-791 and 865. Vernon's C. C. P. Following Espinosa v. State, 165 S. W. 208, and other cases cited.

Appeal from the District Court of Wharton County. Tried below before the Hon. M. S. Munson, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, one year in the penitentiary.

*C. H. Chernosky, Samuel J. Styles* and *S. F. Rowan,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was indicted and convicted in the district court of Wharton County for unlawfully manufacturing intoxicating liquor and his punishment assessed at one year's confinement in the penitentiary.

There are several objections urged by the appellant to the action of the trial court, as set out in his bills of exceptions one to five inclusive. But we deem it unnecessary at this time to consider any of the exceptions or questions raised except the question raised in bill of exception No. 2, to the refusal of the trial court to permit appellant's wife to testify as a witness in his behalf. And in which bill it is shown and alleged that if permitted, she would testify that appellant had nothing to do whatever with the distillation and operation of the still in question at which the officers arrested her while she was attending to same, she claiming that she was making vinegar, and not intoxicating liquor and that all of said utensile were her own individual property, as well as the ingredients being distilled and that her husband was not aware of her action in the matter and in fact had nothing to do with it and was not interested in it in substance.

The bill discloses that the above would have been her testimony if permitted to testify. When offered as a witness in appellant's behalf, the district attorney objected to the competency of the witness

because she had been formerly convicted of the same offense and was a co-principal in the transaction.

The bill of exception shows that it was a fact, and so agreed upon by the state and attorneys representing. the appellant that this witness had been convicted and given a suspended sentence for this identical transaction and the time for the suspended sentence expired and motion duly made in the district court and said witness had been given a new trial and said case dismissed from the docket.

The learned trial judge in sustaining the state's contention and in refusing to permit the witness to testify, stated that he. was of the opinion that the statutes bearing on his matter were not applicable to this kind of case and used this language: "A portion of it (the testimony) which goes to this transaction in which they have been both indicted, on the theory that the idea of the law is that when two parties are guilty they cannot testify for one another, unless jointly tried and that the term 'dismissal' as used in the statutes means a dismissal without a trial; that in this case there has been a conviction and under the suspended sentence law, the court is required at the expiration of that time to dismiss that case, and is not a dismissal because of innocence, but a dismissal under the operation of the suspended sentence law."

We are of the opinion that the learned trial judge in his construction of the statutes on this issue was in error and that said witness was compentent to testify in this case. Art. 791, Vernon's C. C. P. is as follows: "Persons charged as principals, accomplices and accessories, whether in the same indictment or different indictment, can not be introduced as witnesses for one another, but they may claim a severance; and, if any one or more be acquitted, or the prosecution against them be dismissed, they may testify in behalf of the others." Art. 788, of said C. C. P., is as follows: "All persons are competent to testify in criminal actions, except the following: "All persons who have been or may be convicted of felony in this state, or in any other jurisdiction, unless such conviction has been legally set aside, or unless the convict has been legally pardoned for the crime of which he was convicted." Art. 865f, C. C. P., is as follows: "In any case of suspended sentence, as provided herein, upon the expiration of the time assessed as punishment by the jury, the defendant may make his written and sworn application for a new trial and dismissal of such case * * * * which application shall be heard by the court, and, if it shall appear to the court, upon the hearing of such application, that the defendant has not been convicted of any other felony and that there is not then pending against him any other charge of felony, the court shall enter an order reciting the fact, and shall grant the defendant a new trial and shall

then dismiss said cause. * * * After the setting aside and dismissal of any judgment of conviction as herein provided for, the fact of such conviction shall not be shown or inquired into for any purpose, except in cases where the defendant has been again indicted for a felony and invokes the benefit of this act.''

In the cases of Espinosa v. State, 165 S. W. 208; Simonds v. State, 175 S. W. 1064; Bryant v. State 260 S. W. 598, and many authorities we might cite, this court held that when the parties were under the suspended sentence act, same did not render them incompetent as witnesses. Of course this would not apply to co-principals, while their cases were still pending. We think from the statutes, *supra*, and the authorities, *supra*, there can be no question but what the witness, Mrs. Sliva, was competent to testify in behalf of her husband in this case. Art. 791, *supra,* states if the case is dismissed, co-principals can testify in behalf of each other, and Art. 865f, *supra,* states that when the case is dismissed, as in this instance, under the suspended sentence act, that case cannot be further inquired into, which the Legislature evidently thereby intended to remove all taint if any there was, under the conviction on the suspended sentence act by that clause in the Article.

For the reasons above mentioned, we are of the opinion that the court fell into error, and the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of. Criminal Appeals and approved by the Court.