## HENRY J. BRADY v. THE STATE.

No. 14325.   Delivered October 28, 1931.
Rehearing Denied December 9, 1931.
Application to File Second Motion for Rehearing Denied December 23, 1931.

The opinion states the case.

*J. D. Buster,* of Sherman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Appellant is under conviction for driving an automobile on the public highway while intoxicated, punishment being one year in the penitentiary.

The contention is made that the evidence does not support the verdict. A car driven by Mr. Nix was on the public highway between Denison and Sherman proceeding in the direction of Denison. In the car with Nix were four other parties. Davis, who was in the Nix car, testified:

"After we passed there (referring to an overhead crossing), there were two gentlemen coming down the road; about fifty yards before they met us they run off the highway and then came right back across the road and run into our car and then turned to their right and went down the embankment about ten or fifteen feet."

Appellant was driving the car which collided with the Nix car. Both cars were damaged and appellant sustained a cut or wound on the head. Davis further testified that appellant's car was running thirty-five or forty miles an hour; that the car smelled like whisky or beer and that appellant acted peculiar, his appearing being of one who was drinking intoxicating liquor. After appellant's car had gone into the ditch a man with him said, "I told you you couldn't drive a car." Someone called an ambulance and appellant was taken to a hospital.

Tharp, another occupant of the Nix car, described the manner in which appellant's car was being operated immediately before the collision and said: "I could not tell the condition of the man that was driving the car from his appearance, and from the way he acted, but there was something the matter with him, I do not know whether it was caused from hurt or excitement or what. He wouldn't talk to us. * * * We smelled intoxication."

Nix testified that when he saw appellant's car coming that he (Nix) turned off to the right of the concrete road, getting two of his wheels off on the dirt, as a matter of safety, and to give appellant plenty of room. He testified to the odor of liquor in appellant's car. Two officers who were called to the scene of the accident testified that when they learned appellant had been taken to the hospital they went there and saw appellant and that he was "drunk". Appellant testified. He denied that he was drunk at the time of the accident, but admitted that he had taken

two drinks in the morning. (The accident occurred in the afternoon.) Appellant claimed the accident was caused by his nervousness and a claimed defective steering gear. He also admitted that he was accustomed to social drinking of intoxicating liquor, and told the jury if they would give him a small fine he would not drink any more. We have been at some pains to set out the substance of the testimony on account of appellant's insistence that it is insufficient. We find ourselves unable to agree with such contention. We add in passing that the identity of the party with appellant at the time of the accident was not disclosed during the trial. He could have thrown light on appellant's condition. Neither he nor the doctor who treated appellant's wounds at the hospital were called as witnesses.

In his brief appellant presents the proposition that it is fundamentally erroneous for the trial court to omit to inform a defendant of his right to make application for a suspended sentence. The record discloses that appellant had an attorney representing him at the trial. The statute, (article 776, C. C. P.) requires the court to give a defendant information regarding the suspended sentence in the event he has no counsel. We fail to see the applicability of appellant's proposition under the present record.

Appellant brings forward a bill of exception complaining of the testimony of Davis who gave evidence to the effect that appellant's car smelled like whisky; that he acted peculiar; that there was someone in the car with him who after appellant's car had gone into the ditch said to appellant, "I told you you couldn't drive a car"; that an ambulance came for appellant and supposedly took him to a hospital. All of the foregoing testimony is set out in the bill as having been objected to by appellant as "irrelevant and prejudicial". The objection was too general. She authorities collated under section 208, Branch's Ann. Tex. P. C.; Solosky v. State, 90 Texas Crim. Rep., 537, 236 S. W., 742. Much of this evidence was unquestionably admissible. In his brief appellant undertakes to segregate that part of the testimony as to what appellant's companion said to him immediately after the accident. There is no such segregation in the bill itself, but the objection was directed to the testimony in its entirety. It has been the consistent holding of this court that if a bill of exception includes a number of statements, some of which are clearly admissible, and there is nothing in the objection to direct a challenge to or single out the supposed objectionable evidence, that the bill does not present error. See Branch's Ann. Tex. P. C., sec. 211, p. 135, under which many authorities are cited supporting the text. Some of them are, Payton v. State, 35 Texas Crim. Rep., 510, 34 S. W., 615; Tubb v. State, 55 Texas Crim. Rep., 623, 117 S. W., 858. Also, see Ladd v. State, 115 Texas Crim. Rep., 355, 27 S. W. (2d) 1098.

Bill of exception No. 2 reflects that in cross-examining the witness

Sharp he was asked by counsel for the state if prior to the transaction upon which the prosecution was predicated witness had not heard about appellant whipping his wife when he was drunk. The answer was in the negative. Objection was interposed on the ground that the question was prejudicial and inflammatory and involved collateral matters foreign to the issue in the case. Appellant put in issue his general reputation as a peaceable, law-abiding citizen, and introduced witnesses to support such issue; the state likewise introduced witnesses to the contrary. The witness Sharp testified that appellant did bear the reputation of a peaceable, law-abiding citizen. Under the authorities a character witness may be asked whether he had heard of conduct which would be inconsistent with the character attributed by the witness to the party inquired about, as affecting the weight of the witness' testimony. The court committed no error in permitting the question. Underhill's Cr. Ev. (3d Ed.), sec. 81; Johnson v. State, 91 Texas Crim. Rep., 582, 241 S. W., 484; Wright v. State, 98 Texas Crim. Rep., 513, 266 S. W., 783.

Bill of exception No. 3 complains at the action of the court in refusing a new trial upon the ground of newly discovered evidence claimed to be reflected by the affidavits attached to the motion for new trial. The state resisted appellant's effort to secure a new trial upon this ground and asserted that the claimed newly discovered evidence was in fact not newly discovered, but that upon the face of the affidavits it is shown that the evidence of each of the witnesses was with reference to transactions had with appellant himself; that he well knew of this at the time he announced ready for trial, but had made no effort to secure the attendance of the witnesses, nor did he ask for a postponement or continuance because of their absence. The affidavits of the claimed newly discovered witnesses support the state's position regarding the matter. They show either that appellant knew of the things which he claimed he could have proven by these witnesses from the day of the accident up to the time of the trial, or could have ascertained it by use of the slightest diligence. Under such circumstances the court properly denied a new trial on the ground of newly discovered evidence.

In his brief appellant presents a number of propositions other than those discussed in this opinion, but they are not presented by bills of exception and are in no wise properly raised.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—In the face of the circumstances developed and detailed in the original opinion and the definite declaration of one of the witnesses that the appellant was drunk, this court is not authorized to declare that the verdict of the jury finding that the appel-

lant was driving an automobile while intoxicated is unsupported by the evidence.

The statute denouncing the offense of which the appellant was convicted fixes the maximum penalty at confinement in the penitentiary for two years. It is the general rule that a verdict which has been received and approved by the trial judge and which is within the limits prescribed by statute cannot be regarded as excessive in the absence of extraordinary circumstances which are not revealed by this record. See Branch's Ann. Tex. P. C., p. 334, sec. 655, wherein many cases are collated, including Chiles v. State, 2 Texas App., 36; Robinson v. State, 25 Texas App., 113, 7 S. W., 531; Chambless v. State, 46 Texas Crim. Rep., 1, 79 S. W., 577. See, also, Allen v. State, 114 Texas Crim. Rep., 79, 21 S. W. (2d) 527, 528; Shuffield v. State (Texas Crim. Rep.), 18 S. W. (2d) 640.

As shown in the original opinion, the alleged new evidence was not newly discovered under the terms of subdivision 6, of article 753, C. C. P., as that article has been construed by this court on several occasions. See Vernon's Ann. Tex. C. C. P., 1925, vol. 3, p. 13, note 25. It is clear that the appellant knew facts which put him on notice of the existence of new evidence, and he exerted no dilegence to secure the attendance of the witnesses. Neither is the testimony regarded such as precluded the trial judge, in the exercise of his discretion, from overruling the motion. See Vernon's C. C. P., supra, p. 15, sec. 26. Attached to the motion is the controverting affidavit of the sheriff of the county which strongly upholds the state's theory that on the occasion of the alleged offense the appellant was intoxicated and supports the conclusion of the trial judge that a more favorable result would not come from another trial. See Vernon's C. C. P., supra, p .33, sec. 35, for precedents upon the subject.

A new question, raised for the first time upon appeal, is that the indictment against the accused was presented by the grand jury of the district court of the 15th Judicial District and the appellant was tried in the 59th district. The specific point made is that there does not appear in the record the entry of an order made by the judge of the 15th District Court transferring the indictment to the 59th District Court. It appears from the record that the indictment was filed in the 59th District Court on December 2, 1930, and charged he date of the offense as of the 15th of November, 1930. It appears from the motion that both courts (the 15th District and the 59th District) we in session at the same time in Grayson county. The question presented is like that which has been before the court in several previous cases, among them, Majors v. State, 100 Texas Crim. Rep., 304, 273 S. W. 267; Bray v. State, 101 Texas Crim. Rep., 346, 276 S. W., 244. In the cases mentioned the subject has been considered and the announcement made in substance that in

instances in which there are two district courts, each having criminal jurisdiction, situated in the same county, and the legislative provision authorizing the transfer of cases from one to the other, that it is too late on appeal to complain, as is done in the present case, that the trial is upon an indictment filed in one of the courts and the trial is had in the other. Under such circumstances, the presumption will be indulged that the proper transfer was made. See Lindley v. State, 99 Texas Crim. Rep., 85, 268 S. W., 167; Kochan v. State, 93 Texas Crim. Rep., 368, 248 S. W., 365; Waller v. State, 98 Texas Crim. Rep., 663, 267 S. W., 988.

The motion for rehearing is overruled.

*Overruled.*