70 P.(2d) 147

**STATE v. BROWN.**

No. 4268.

Supreme Court of New Mexico.

June 28, 1937.

Rehearing Denied Aug. 9, 1937.

Joseph Gill, of Albuquerque, for appellant.

Frank H. Patton, Atty. Gen., and Richard E. Manson, Asst. Atty. Gen., for the State.

BICKLEY, Justice.

The appellant was convicted of cattle stealing. The first point relied upon for reversal is that the evidence does not sustain the verdict. The evidence was conflicting, but after a careful review thereof we find appellant's contention without merit.

He next urges that the jury should have been permitted to take the branded hide and the marked ears to the jury room for closer scrutiny. The most that appellant contends is that the trial judge may in his discretion, and in the absence of prohibiting statute, permit the jury to take with them to the jury room such exhibits as in his opinion will aid the jury in their deliberations. Citing 1 Hyatt on Trials, 988, par. 961. From this he argues that the facts present an abuse of discretion in the present instance. We think otherwise.

Appellant filed a motion for new trial in which he claimed, among other things, the production of newly discovered evidence. The tender fell short in several particulars of meeting the requirements held in State v. Luttrell, 28 N.M. 393, 212 P. 739, to be necessary to obtain a new trial upon such ground. The trial judge in denying the motion expressed the opinion that such evidence tendered as newly discovered would be merely cumulative. It cannot be soundly contended that it was discovered since the trial or that it could not have been produced thereat. It would have been merely further contradictory of the evidence produced by the State at the trial vigorously assailed by the able counsel for the defendant, the late Joseph Gill, through argument and production of testimony. With characteristic earnestness that able advocate whose passing was a loss to the bench and bar presented this and other arguments in behalf of the accused upon the attention of the trial court and here. The remarks of the trial judge in denying the motion evinces a careful consideration of the matters presented by the motion, but he was unable to feel his discretion moved to grant a new trial. Judge Hay expressed satisfaction with the manner in which the jury had been selected, and stated that there was nothing in the conduct of the jury which would indicate that the jury was prejudiced, and remarked, "This is not a case where the evidence is all one sided." The trial court did not abuse its discretion in denying the motion for new trial.

Finally appellant contends that the trial court erred in admitting the testimony of expert witnesses to the effect that the brands had been burned or otherwise changed. It is vigorously argued that the jury were as well circumstanced as the

witnesses to determine from an examination of the hide whether or not the brands had been mutilated. It is well settled that expert testimony is admissible when the subject matter of the inquiry is of such a character that only persons having skill and experience in it are capable of forming correct judgment as to any facts connected therewith, and expert testimony is not confined to specified professions, but is applicable where particular skill applied to a practical problem is necessary to explain results. See People v. Jennings, 252 Ill. 534, 96 N.E. 1077, 43 L.R.A.(N.S.) 1206. A consideration of the record convinces us that the evidence challenged by appellant falls within the rules.

This view is supported by precedent in cases where the precise question was presented. In Gatlin v. State, 72 Tex.Cr.R. 516, 163 S.W. 428, it was held that expert testimony to the effect that certain brands on cattle had been burned, altered, or defaced was admissible. In Simonds v. State, 76 Tex.Cr.R. 487, 175 S.W. 1064, an expert witness was allowed to testify that brands on goats had been burned. See, also, 22 C.J. 537.

Finding no error in the record, the judgment is affirmed and the cause remanded for such further proceedings as may be proper. And it is so ordered.

HUDSPETH, C. J., and SADLER, BRICE, and ZINN, JJ., concur.