## H. E. DORSEY V. THE STATE.

No. 23912. Delivered February 4, 1948.

No attorney of record on appeal for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of an aggravated assault and by the jury assessed a penalty of three months in jail and a fine of $100.00, from which he appeals.

The State's testimony shows that John C. McElroy, a resident of El Paso, together with a friend, had visited the City of Juarez, Mexico, on January 10, 1947; that they had something to eat as well as several drinks, probably too many. The friend, Andre C. Hernandez, and McElroy came back into Texas and separated. McElroy soon thereafter became rather violently ill. While sitting down on a street curb, he vomited, had a severe pain in his stomach and "blacked out". At that time he was near his home and also that of the witness, Irvin Davis. McElroy remembered nothing else until he was awakened at the police station, at which time he was very sick. When he regained consciousness, he had blood on himself, his eyes were injured, and his nose was broken. His teeth were loose and blood vessels over the area of his face were broken. He spent thirteen days in the hospital and received two blood transfusions. His doctor stated that McElroy was in a serious condition as a result of these injuries; that the injuries were serious.

Irvin Davis, a neighbor of McElroy, testified that on the night in question, he was at home in bed asleep; that about 11:30 P. M., his dog made such a racket that he awoke, and seeing a man walking across a vacant lot nearby, his wife 'phoned the police; that he took his gun and a flashlight and went to the scene. Seeing a man lying near a neighbor's window, Davis waited until the arrival of the police. Appellant was a special officer who seemed to have jurisdiction at another neighborhood and place only. However, he soon arrived in company with two regular policemen. Appellant and Davis approached the spot where McElroy was lying on his right side on the ground. Appellant told McElroy twice to get up, and the second time he kicked him across the face and nose. McElroy then turned over, and upon recognizing him, Davis asked appellant not to kick McElroy again. Davis stated that he knew the man; that it was Mr. McElroy. His clothing were not disarrayed, nor was he bloody when they first saw him, but blood began to come from his teeth and lips after he had been kicked.

After they had placed McElroy in the car, appellant came back and told several persons who were standing there that "he hated to do a thing like that, but you can't take any chances with strangers."

Appellant denied any such conduct, and his testimony was substantially corroborated by many peace officers and others; and the injuries to McElroy were accounted for by such witnesses in a claimed fall from a chair after McElroy was taken to the police station.

There are no bills of exception in the record. However, appellant did raise a question in his motion for a new trial relative to newly discovered evidence, and therein he claims that three witnesses: William T. Bartlett, M. A. Kennedy and Arturo Islas, would testify, among other things, that appellant did not kick or strike Mr. McElroy at the time alleged in the information, and he further shows therein that his attorney did not know that these witnesses would thus testify until after this trial was had and completed. The State filed a controverting motion and therein presented a subpoena for all three of these witnesses, showing them to have been subpoenaed in behalf of the appellant on June 13, 1947, (the case being set for June 16, 1947), and then postponed to June 19th, at which time these three witnesses failed to appear. No motion for a continuance was filed nor was there any attachment requested. All three of these witnesses were city policemen and were in the city of El Paso at such time. It is also evident from the affidavits of such three witnesses that their testimony, if given, would have been but cumulative of other witnesses in that they would have testified in substance that appellant did not strike or kick McElroy at any time during the claimed occurrence. We think that appellant was lacking in diligence in not having talked to his witnesses and in not having an attachment issued therefor when they disobeyed a subpoena. However, had such diligence been present, their testimony would only have been cumulative of many other witnesses of the appellant.

Complaint is also made of an argument by the Assistant County Attorney, which is set forth only in the motion for a new trial. We find no bill thereto, and therefore cannot consider the same.

There is a sharp conflict in the testimony, which matter was properly presented to the jury, and there being sufficient evidence to support their verdict, we are bound thereby.

Finding no error in the record, the judgment will be affirmed.