## CHARLES DILLARD GOWER V. STATE

No. 31,068. February 3, 1960
State's Motion for Rehearing Granted February 24, 1960

DAVIDSON, Judge, dissented.

*M. Gabriel Nahas, Jr.,* and *Percy Foreman, Houston,* for appellant.

*Dan Walton,* District Attorney, *Thomas D. White, Alex Guevara, Jr., Samuel H. Robertson, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge

This is an appeal from the judgment of Count Court at Law No. 3 of Harris County, finding appellant guilty of drunken driving and assessing his punishment at a fine of $150 and thirty days in jail.

The judgment is attacked as being void because of a lack of jurisdiction.

The legislature has created for Harris County several county courts at law, among which are County Court at Law No. 2 and County Court at Law No. 3.

Said courts have concurrent jurisdiction over the misdemeanor offense of drunken driving.

This prosecution was instituted on January 23, 1959, when the complaint and information were filed in County Court No. 2. By such filing that court obtained jurisdiction of the offense charged in the information. When appellant was arrested upon that accusation, said court acquired jurisdiction of the person of appellant.

So far as this record is concerned, appellant was on trial on March 3, 1959, under said complaint and information, in County Court No. 3.

There is an absence of any order from County Court No. 2 transferring the case to County Court No. 3. In fact, there is an absence of any showing suggesting how the case got from Court No. 2 into Court No. 3.

By Art. 64, C. C. P., the legislature made express provision relative to concurrent jurisdiction, as follows:

"When two or more courts have concurrent jurisdiction of any criminal offense, the court in which an indictment or a complaint shall be filed shall retain jurisdiction of such offense to the exclusion of all other courts."

By that language the legislature has said that, as between courts of concurrent jurisdiction, the court in which criminal proceedings are first filed retains jurisdiction of the offense charged, to the exclusion of all other courts.

Giving effect to that article, here, Court No. 2, being the first court to acquire jurisdiction of the offense charged, retained that jurisdiction to the exclusion of all other courts until that court transferred its jurisdiction or the prosecution was terminated.

There is no question but that jurisdiction in Court No. 3 to act or to try the appellant is entirely lacking, for that court had neither jurisdiction of the subject matter nor did it have jurisdiction to render the particular judgment that it did.

The judgment of County Court No. 3 was therefore void and unenforcible, for the want of jurisdiction. 12 Tex. Jur., Criminal Law, Sec. 111, page 385.

This is not a case where the accusation arose by indictment for a misdemeanor returned into district court. In such cases the district court does not acquire jurisdiction of the offense charged in the indictment. Its only power in such cases is to transfer the indictment to a court having jurisdiction of the offense charged therein.

Nor is this a case where there was an effort made to transfer it from one court to another and in which the order of transfer was defective. Hence, the rule relative to waiver, in failing to attack the transfer of the trial of such a case, has no application. Nor is this a case where proceedings were commenced in two separate courts by separate indictments or information, for the same offense. Cases dealing with such matters therefore have no application here.

In the instant case there is but one proposition—which is that County Court No. 3 convicted this appellant upon an information filed in County Court No. 2, without the latter court having transferred or relinquished its jurisdiction over the offense charged and its jurisdiction of the appellant.

The judgment of County Court No. 3 is void for the want of jurisdiction. A void judgment can be attacked at any time.

Accordingly, the conviction is set aside and the cause is remanded.

84

DICE, Judge

The state insists that we were in error in sustaining appellant's attack upon the jurisdiction of the court because his attack upon the court's jurisdiction was made for the first time on appeal and came too late.

In Brady v. State, 119 Tex. Cr. R. 178, 44 S. W. 2d 373 this court, in overruling a plea to the jurisdiction of the trial court when made for the first time on appeal, said:

"In the cases mentioned, the subject has been considered and the anouncement made in substance that, in instances in which there are two district courts, each having criminal jurisdiction, situated in the same county, and the legislative provision authorizing the transfer of cases from one to another, it is too late on appeal to complain, as is done in the present case, that the trial is upon an indictment filed in one of the courts and the trial is had in the other. Under such circumstances, the presumption will be indulged that the proper transfer was made. See Lindley v. State, 99 Tex. Cr. R. 85, 268 S. W. 167; Koehan v. State, 93 Tex. Cr. R. 368, 248 S. W. 365; Walker v State, 98 Tex. Cr. R. 663, 267 S. W. 988."

In creating County Court at Law No. 2 and County Court at Law No. 3 for Harris County the legislature conferred upon both courts concurrent criminal jurisdiction over misdemeanor offenses. Art. 1970-95 to 110b, V.A.C.S. Under Sec. 2 of Art. 1970-110b, supra, the judges of the two courts, with the consent of one another, are authorized to transfer criminal cases between said courts by entry of an order on the docket of the court from which the cause is transferred.

We agree with the state's contention that under the rule stated in Brady v. State, supra, appellant's attack upon the jurisdiction of the court when made for the first time on this appeal comes too late.

Briefly, the state's testimony shows that on the night in question an automobile driven by the appellant collided with the rear of a pick-up truck which was stopped at a red light on Jensen Drive, a public street in the city of Houston. After

the collision, appellant got out of his automobile and according to the tesitmony of the investigating officers on two occasions got back in the automobile and attempted to leave by driving the automobile a short distance. Two pint whiskey bottles were found in the appellant's automobile, one being broken and the other having been opened and having a few drops left therein. In describing appellant's action and appearance at the scene, the officers testified that he talked "loud and belligerent," his speech was "slurred," and that he had a strong odor of alcohol on his breath. Two of the officers expressed the opinion that appellant was on such occasion intoxicated.

Testifying as a witness in his own behalf, appellant admitted being involved in the collision on the night in question and having "run into" the truck. Appellant admitted that he did move his automobile after the collision but denied that he was attempting to flee from the scene. No denial of intoxication was made by appellant. One witness called by appellant testfied that he observed appellant at the scene and that he looked dazed but was not drunk.

The evidence is sufficient to support the jury's verdict finding appellant guilty as charged.

In his brief, appellant urges error on the ground that the jury panel was examined outside of the court room and outside of the presence of the trial judge. The record does not show that this occurred hence such contention cannot be considered.

The state's motion for rehearing is granted; the judgement reversing the conviction is set aside and the judgment is now affirmed.

DAVIDSON, Judge, (dissenting).

I remain convinced that the original opinion correctly disposed of this case.

Following is my additional observation:

In granting the state's motion for rehearing and affirming this case my brethren rely upon Brady v. State, 119 Tex. Cr. R. 178, 44 S. W. 2d 373. It is my opinion that the Brady case is not susceptible of the construction given thereto by my brethren.

The Brady case made no reference to nor did it give application to Art. 64, C. C. P., under which jurisdiction is expressly retained in the court which first acquires jurisdiction. It can hardly be said, therefore, that that case is authority for the proposition that Art. 64, C. C. P., has no application in the instant case.

However, if the Brady case is controlling in this case it is wrong and ought to be overruled, for, upon its face, it shows that it authorizes jurisdiction in a criminal case to be established by presumption. It is there said:

"Under such circumstances, the presumption will be indulged that the proper transfer was made."

Jurisdiction of a court to try and to enter a judgment in a criminal case must be shown. It can never be indulged or presumed.

Such indulgence and presumption are made manifest here, because the information in this case bears no evidence of having ever been filed in County Court at Law No. 3.

In its final analysis, then, here is a conviction for an offense with no information having been filed in or transferred to the court in which the trial was held.

The jurisdiction of County Court at Law No. 3 is wholly lacking.

I respectfully dissent to the affirmance of this case.