**Jimmy Lynn GREEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42808.**

Court of Criminal Appeals of Texas.

April 1, 1970.

Rehearing Denied May 13, 1970.

Dennis L. White, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tollie, Camille Elliott, W. T. Westmorlenand, Jr., and Harry J. Schulz, Jr., Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is murder with malice; the punishment, life.

Appellant's first three grounds of error, pertaining to the selection of the grand jury commissioners, the grand juries, and petit juries, are not properly before this Court for review. Other than the appellant's assertion in his grounds of error in his brief, such claims are not supported by the record. The appellant's first three grounds are overruled.

Next, the appellant contends that he was denied the fundamental constitutional right to subpoena witnesses in his own behalf; that he requested his attorney to subpoena Olen Ray Allen who was a witness to the shooting, and would have corroborated his claim of self-defense; and that Allen was in the county jail at the time of his trial as shown by his affidavit which is attached to the appellant's brief.

The record reflects the following:

This conviction is based upon a finding of guilty by a jury on November 19, 1968. On November 25, 1968 the appellant wrote a letter to the trial judge saying that he wanted to inform the court of some newly discovered evidence and to complain of his counsel's failure to file a motion for a new trial. Appellant's counsel filed a motion for a new trial on November 27, 1968, and then on December 1, 1968 an amended unverified motion for a new trial was filed alleging that on November 19, 1968 the appellant's counsel had caused a subpoena to be issued for Olen Ray Allen at his usual place of residence and the subpoena was returned by the sheriff without service, and that Allen, if he had been served with the subpoena, would and could testify in behalf of the appellant that the killing was in self-defense, and Allen was not at his usual place of residence but was in the Dallas County jail serving a sentence for aggravated assault. Attached to his brief in the Court of Criminal Appeals is an affidavit by Allen to the effect that he saw the killing and that it was an act of self-defense; that an application for a subpoena for Allen to appear as a witness at the appellant's trial was filed on the day of the trial; and that he was served with a subpoena to testify at the trial but was never called as a witness. The affidavit and the application for a subpoena are not properly a part of this record and cannot be considered.

The indictment was returned May 13, 1968. Counsel for appellant was appointed June 12, 1968. The case was continued on motion of appellant on July 22, and September 18. It was passed on September 9, October 9, October 21, November 11 and 13, and trial began November 19, 1968.

The appellant announced ready for trial on November 19, 1968. According to the

record, the appellant never called the witness, Allen, to testify or requested an attachment for him even though he states in his supplemental brief that he had been subpoenaed. The amended motion for new trial alleges that the appellant first discovered that Allen was in the Dallas County jail after the verdict of the jury was returned but there is no proof in the record to support it. No evidence on the motion for new trial is contained in the record.

The court did not abuse its discretion in overruling the appellant's motion for a new trial. 41 Tex.Jur.2d Sec. 188, p. 400–403; Brady v. State, 119 Tex.Cr.R. 178, 44 S.W.2d 373; Moten v. State, 136 Tex.Cr.R. 477, 126 S.W.2d 479; Dorsey v. State, 151 Tex.Cr.R. 388, 208 S.W.2d. 98. The appellant's fourth ground of error is overruled.

In his fifth ground of error the appellant complains of the testimony of the officers that his reputation for being peaceful and law-abiding was bad when their only knowledge of him was gained during their investigation of this case, and that such testimony was injurious and resulted in the jury assessing a severe punishment.

At the hearing on punishment, five officers testified that the appellant's general reputation for being peaceful and law-abiding in the community where he resided was bad. There was no objection to the testimony of two officers. The remaining officers' testimony was objected to for the reasons that it was immaterial, self-serving, bolstering, and that the testimony of one officer was based on "fingerprints and offenses." The appellant did not ask to take the officers on voir dire to explore the basis of their testimony. In Chamberlain v. State, Tex.Cr.App., 453 S.W.2d 490, it was said: "This Court has held that a witness who has known defendant only since the time of his arrest may testify at the penalty stage of the trial that his reputation as a peaceable law-abiding citizen was bad. Ballew v. State, Tex.Cr.App.,

452 S.W.2d 460; Wilson v. State, Tex.Cr. App., 434 S.W.2d 873, and Broadway v. State, Tex.Cr.App., 418 S.W.2d 679." This ground of error is overruled.

The judgment is affirmed.