## MARY MCNEAL ET AL V. STATE

No. 33,158. April 19, 1961
Motion for Rehearing Overruled May 24, 1961

WOODLEY, Presiding Judge, absent.

*W. E. Martin, Joe B. Fleming* and *Leon Weinberg*, Houston, for appellants.

*Frank Briscoe*, District Attorney, *Walter A. Carr, Carl E. F. Dally*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

This is an appeal by Byron Benton and Kenneth Benton, sureties on the bail bond of Mary McNeal, from the judgment final of Criminal District Court No. 4 of Harris County upon a forfeiture of said bail bond November 28, 1960.

It is contended that Criminal District Court No. 4 did not have jurisdiction to render the judgment herein because there had been no order of transfer of the case from Criminal District Court No. 2.

Art. 52-158b, V.A.C.C.P., provides that the above named courts shall have and exercise concurrent jurisdiction with each other in all felony cases. The judgment final recites that the appellants and their attorney appeared in person and announced ready for trial; and that "all things having been agreed upon and stipulated", and the principal did not appear to answer "the charge by indictment herein filed and then and there pending."

No plea to the jurisdiction, on the ground there was no order of transfer, appears to have been made until after the entry of judgment and notice of appeal. In counties in which there are two or more district courts having concurrent jurisdiction in all felony cases with statutory authority to transfer cases from one to the other, the plea to the jurisdiction, because of the omission of such order, comes too late after notice of appeal. Hickox v. State, 104 Tex. Cr. R. 649, 285 S.W. 621; Brady v. State, 119 Tex. Cr. R. 178, 44 S.W. 2d 373; Gower v. State, 169 Tex. Cr. R. 81, 332 S.W. 2d 328.

It is insisted that the judgment nisi is defective because it does not show that the principal failed to appear in court at any time she was bound to appear.

There are no statutory requirements that the judgment nisi recite when the principal was to appear and such recitals are not shown to be essential to a valid judgment nisi. 8 Tex. Jur. 2d 193, Sec. 67; Hodges v. State, 73 Tex. Cr. R. 638, 165 S.W. 607.

Appellants contend that the bail bond was materially altered after its execution, therefore, it was invalid.

Appellants' position is that the bond was an out of state bond

made for the sole purpose of releasing the principal who was in jail in Cullman, Alabama, while the state insists that it was made for the principal's appearance on the charge in the instant case.

The bond was introduced in evidence. Two deputy sheriffs whose names appear on the bond in connection with its approval, the custodian of the records of Criminal District Court No. 4 and Byron Benton, one of the sureties, testified as to the making of the bond and its condition at the various times and stages before the entry of the judgment nisi.

The evidence raised an issue of whether there had been a material alteration of the bond after its execution. It is evident that the trial court found against the appellants on the issue of alteration when it rendered judgment against them on the bond. 8 Tex. Jur. 2d 221, Sec. 97.

The other contentions presented have been considered and it is concluded that they do not show error.

The judgment is affirmed.

Opinion approved by the Court.