TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00077-CR







The State of Texas, Appellant



v.



Anthony Smith, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. CR93-0265-B, HONORABLE ROYAL HART, JUDGE PRESIDING







The State appeals from the district court's order dismissing the indictment in this cause. 
Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 1997). We will reverse.

The indictment alleges:


The Grand Jurors for the County of Runnels, State of Texas, duly selected,
impaneled, sworn, charged and organized as such at the April Term, A.D. 1983, of the
119th District Court of said County, upon their oaths present in and to said court, that
ANTHONY SMITH, Defendant, on or about the 29th day of March, A.D. 1993, and
before the presentment of this indictment, in said County and State, did then and there
intentionally and knowingly use and exhibit a deadly weapon, to-wit: a firearm, and did
then and there intentionally and knowingly threaten Herman Ivey with imminent bodily
injury by the use of said deadly weapon . . . .



The indictment bears the file mark of the Tom Green County district clerk. 

In June 1993, Smith appeared in the 119th District Court in Tom Green County, pleaded
guilty, and judicially confessed:


That in Tom Green County, Texas, on or about the 29th day of March, 1993, I
did then and there intentionally and knowingly use and exhibit a deadly weapon, to-wit: a
firearm, and I did then and there intentionally and knowingly threaten Herman Ivey with
imminent bodily injury by the use of said deadly weapon . . . .



Based on this confession, the court found that the evidence substantiated Smith's guilt, deferred further
proceedings, and placed Smith on probation for six years.

In December 1996, the court held a hearing on the State's motion to revoke Smith's
probation and proceed to adjudication. For the first time, the court and the parties noticed that the
indictment purported to be from Runnels County and to allege an offense in that county. Neither the court
nor the parties had any explanation for the situation. Smith moved to dismiss the indictment because "[t]he
indictment alleges that the offense occurred in Runnels County, Texas. There was no evidence at the plea
that anything occurred in Runnels County. All evidence referred to allegations of the offense having
occurred in Tom Green County, Texas." The court granted the motion with a written order that states:


The Court finds that the Indictment alleges the offense to have occurred in Runnels
County Texas. That there was no evidence at the plea to support that anything occurred
in Runnels County, Texas. That all evidence at the time of the plea refers to allegations of
the offense having occurred in Tom Green County, Texas. Thus, the Court finds that there
is a Jurisdictional defect in the Indictment and that the Indictment is Void. Accordingly,


IT IS ORDERED that the Defendant's Motion to dismiss the Indictment [is]
hereby GRANTED.


IT IS FURTHER ORDERED that the above-captioned cause is hereby
DISMISSED.



The State argues that the offense was committed in Tom Green County (as Smith
confessed), that the indictment was returned to the 119th District Court in Tom Green County (as
evidenced by the file mark), and that the reference in the indictment to Runnels County is a clerical error
that was waived by Smith's failure to object to the indictment before trial. Tex. Code Crim. Proc. Ann. art.
1.14(b) (West Supp. 1997). Article 1.14(b) provides:


If the defendant does not object to a defect, error, or irregularity of form or
substance in an indictment or information before the date on which the trial on the merits
commences, he waives and forfeits the right to object to the defect, error, or irregularity
. . . .



Smith replies that the purported indictment does not satisfy the statutory requisites for an
indictment. Tex. Code Crim. Proc. Ann. art. 21.02 (West 1989). Because the indictment states that it was
returned by the Runnels County grand jury but bears a Tom Green County file mark, he argues that it does
not reflect that it appear to have been presented in the district court of the county where the grand jury is
in session. Art. 21.02(2). He also argues that it cannot be the act of a grand jury of the proper county
because the evidence at trial shows that the offense was committed in Tom Green County. Art. 21.02(3). 
Smith concludes that because the indictment does not comply with article 21.02, it is not an indictment
within the meaning of article 1.14(b). 

The indictment in this cause is not defective on its face. The problem presented in this
appeal arises because what appears to be a Runnels County indictment was filed and tried in Tom Green
County, and because the State produced evidence that the offense was committed in Tom Green County
rather than in Runnels County as alleged. While it is obvious that the proceedings in this cause are irregular,
it is impossible to determine from the record where the irregularity lies.

The constitutional requisites for an indictment established by article V, section 12(b) of the
Texas Constitution are satisfied by a written instrument accusing a person of the commission of a criminal
offense with enough clarity and specificity to identify the penal statute under which the State intends to
prosecute, even if the instrument is otherwise defective. Duron v. State, No. 0568-96, slip op. 7 (Tex.
Crim. App. October 8, 1997); Cook v. State, 902 S.W.2d 471, 479-80 (Tex. Crim. App. 1995). The
indictment in this cause clearly and specifically accuses Smith of aggravated assault. Tex. Penal Code Ann.
§ 22.02 (West 1994). It is an indictment within the meaning of article V, section 12(b) even if it is
statutorily defective.

The presentment of a constitutionally sufficient indictment to a court invests the court with
jurisdiction of the cause. Tex. Const. art. V, § 12(b); see Duron, slip op. at 8-9; Cook, 902 S.W.2d at
480. A Texas district court has jurisdiction to try any criminal offense committed in this state. Ex parte
Watson, 601 S.W.2d 350, 352 (Tex. Crim. App. 1980). The filing of the indictment in the 119th District
Court of Tom Green County invested that court with jurisdiction to try this cause, and the court erred by
concluding otherwise. We express no other opinion regarding the regularity of the proceedings in the court
below, the validity of the order deferring adjudication, or the validity of the judgment of conviction that
would result if the State's motion to adjudicate is granted.

The order of the district court is reversed, and the cause is remanded to that court for
further proceedings.



 

 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Reversed and Remanded

Filed: December 4, 1997

Publish



>The Court finds that the Indictment alleges the offense to have occurred in Runnels
County Texas. That there was no evidence at the plea to support that anything occurred
in Runnels County, Texas. That all evidence at the time of the plea refers to allegations of
the offense having occurred in Tom Green County, Texas. Thus, the Court finds that there
is a Jurisdictional defect in the Indictment and that the Indictment is Void. Accordingly,


IT IS ORDERED that the Defendant's Motion to dismiss the Indictment [is]
hereby GRANTED.


IT IS FURTHER ORDERED that the above-captioned cause is hereby
DISMISSED.



The State argues that the offense was committed in Tom Green County (as Smith
confessed), that the indictment was returned to the 119th District Court in Tom Green County (as
evidenced by the file mark), and that the reference in the indictment to Runnels County is a clerical error
that was waived by Smith's failure to object to the indictment before trial. Tex. Code Crim. Proc. Ann. ar