Raul TAMEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–98–313–CR.

Court of Appeals of Texas, Waco.

Aug. 31, 2000.

Debbie S. Holmes, State Counsel for Offenders, Huntsville, for appellant.

Alfred Eugene Hernandez, Special Prison Prosecution Unit, Huntsville, for appellee.

Before Chief Justice DAVIS, Justice VANCE and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

A jury convicted Raul Tamez of possession of a deadly weapon in a penal institution. *See* TEX. PEN.CODE ANN. § 46.10(a)(2) (Vernon 1994). The jury found that Tamez had been previously convicted of a felony and assessed his punishment at fifteen years. Tamez claims in three issues that the court erred by: (1) overruling his motion to quash the enhancement allegation; (2) limiting his voir dire examination; and (3) denying his request to present a second jury argument following the State's closing argument. We will affirm.

## THE ENHANCEMENT ALLEGATION

Tamez contends in his first issue that the court erred by overruling his motion to quash the enhancement allegation. He alleges that the conviction alleged for enhancement purposes is void because it was obtained in the 180th District Court of Harris County even though a grand jury empaneled by the 232nd District Court of Harris County presented the indictment. He suggests that, because the indictment was returned by a grand jury empaneled

by the 232nd District Court, it was necessarily "filed in" that court, and thus, the 180th District Court did not have jurisdiction over the matter.

■ Assuming without deciding that an indictment must be filed in the same district court which empaneled the grand jury, Tamez has failed to preserve this issue for our review.[1] Article 1.14(b) of the Code of Criminal Procedure requires a defendant to object to any defect of form or substance in an indictment before the trial on the merits or "he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding." TEX.CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon Supp. 2000). Although article 1.14(b) is relatively new, it merely codifies extant case law on the question raised by Tamez.

Section 24.303(a) of the Government Code authorizes district judges in counties with more than one district court to, "on their own motion, transfer any ... criminal case or proceeding on their dockets to the docket of [any other district court in the county exercising criminal jurisdiction]." TEX. GOV.CODE ANN. § 24.303(a) (Vernon 1988). Texas statutes have long provided for such transfers. *See, e.g.,* Act of May 24, 1965, 59th Leg., R.S., ch. 442, § 10c(B), 1965 Tex. Gen. Laws 895, 899– 900 (amended 1967) (current version at TEX. GOV.CODE ANN. § 24.273 (Vernon 1988)).[2]

---

1. According to testimony presented by the State at the hearing on Tamez's motion to quash, the judges of the Harris County district courts exercising criminal jurisdiction have adopted a procedure by which indictments are filed in each court on a rotating basis without reference to the court which empaneled the grand jury presenting the indictments. *See* TEX. GOV.CODE ANN. § 24.304 (Vernon 1988), § 74.093(a), (b)(1), (4) (Vernon 1998) (judges in multi-district counties may adopt rules of procedure for docketing and filing cases to achieve "equitable division of caseloads"). Because Tamez has not properly preserved the matter for our review, we

need not address the propriety of this procedure. *Cf.* TEX.CODE CRIM. PROC. ANN. arts.19.01, 19.26, 20.21 (Vernon Supp.2000) ("*[t]he* district judge" "shall ... impanel *the* grand jury" which "shall, through their foreman, deliver the indictment to the judge or clerk of *the* court").

2. The 1965 statute regarding the 180th District Court (then Criminal District Court No. 6) directly addressed the authority of the court to transfer cases to other Harris County criminal district courts. *See* Act of May 24, 1965, 59th Leg., R.S., ch. 442, § 10c(B), 1965 Tex. Gen. Laws 895, 899–900 (amended

Settled case law establishes that a defendant may not complain for the first time on appeal that he has been tried and convicted in a court other than the one to which the indictment was returned:

> [I]n instances in which there are two district courts, each having criminal jurisdiction, situated in the same county, and [a] legislative provision [exists] authorizing the transfer of cases from one to the other, it is too late on appeal to complain, as is done in the present case, that the trial is upon an indictment filed in one of the courts and the trial is had in the other. Under such circumstances, the presumption will be indulged that the proper transfer was made.

*Mosley v. State*, 172 Tex.Crim. 117, 120, 354 S.W.2d 391, 393–94 (1962) (quoting *Brady v. State*, 119 Tex.Crim. 178, 182–83, 44 S.W.2d 373, 375 (1931) (op. on reh'g)); *accord McNeal v. State*, 171 Tex.Crim. 180, 181, 346 S.W.2d 345, 346 (1961); *see also State v. Smith*, 957 S.W.2d 163, 164–65 (Tex.App.—Austin 1997, no pet.) (indictment returned by Runnels County grand jury but filed in Tom Green County district court should have been challenged before entry of guilty plea).

Nevertheless, Tamez contends that his claim fits within the narrow exception to article 1.14(b) that jurisdictional defects in an indictment may be raised for the first time on appeal. *See, e.g., Cook v. State*, 902 S.W.2d 471, 479–80 (Tex.Crim.App. 1995) (indictment which fails to charge "a person" with commission does not vest trial court with jurisdiction and may be challenged for first time on appeal). We disagree. Article V, section 12 of the Texas Constitution defines an indictment as "a written instrument presented to a court by a grand jury charging a person with the commission of an offense." Tex. Const. art. V, § 12(b). The trial court's jurisdiction vests upon the filing of such an indictment. *Cook*, 902 S.W.2d at 476; *Smith*, 957 S.W.2d at 165.

In Tamez's case, the indictment filed in the 180th District Court clearly charged him with burglary of a habitation. Thus, the indictment invested that court with jurisdiction over Tamez's case. *Id.* The defect raised by Tamez concerns a procedural irregularity which he should have raised in a pre-trial motion before he pleaded guilty to the allegations of that indictment. *See Smith*, 957 S.W.2d at 164–65; Tex.Code Crim. Proc. Ann. art. 1.14(b); *see also Mosley*, 172 Tex.Crim. at 120, 354 S.W.2d at 393–94; *McNeal*, 171 Tex.Crim. at 181, 346 S.W.2d at 346; *Brady*, 119 Tex.Crim. at 182–83, 44 S.W.2d at 375. His failure to do so constitutes a waiver of his right to challenge this irregularity in a subsequent proceeding.[3] *Id.* Accordingly, we overrule Tamez's first issue.

## LIMITATIONS ON VOIR DIRE

Tamez argues in his second issue that the court abused its discretion by limiting the duration of his voir dire examination. The State's voir dire lasted approximately thirty minutes. After Tamez's counsel had questioned members of the venire for almost ninety minutes, the trial court gave her a five-minute warning. Shortly thereafter, the court warned her that she had only two more minutes. Finally, the court advised counsel that her time had expired. She asked permission to pose one more

---

1967). The present statute does not address the authority of the court to transfer cases on its own motion. *See* Tex. Gov.Code Ann. § 24.273 (Vernon 1988). That authority is now addressed by section 24.303 of the Government Code. *See id.* § 24.303(a) (Vernon 1988).

**3.** We also note that the Court of Criminal Appeals has expressly rejected "jurisdiction-al" challenges in cases such as Tamez's where the defendant was tried and convicted in a district court other than the one which empaneled the grand jury even though the record contained no transfer order. *See Mosley v. State*, 172 Tex.Crim. 117, 120, 354 S.W.2d 391, 393–94 (1962); *McNeal v. State*, 171 Tex.Crim. 180, 181, 346 S.W.2d 345, 345–46 (1961).

question to the panel, which the court allowed.

The court then excused the venire panel from the courtroom so the parties could assert their challenges for cause and exercise their peremptory challenges. At this time, Tamez's counsel proffered a bill of exception detailing the areas of inquiry she had not had opportunity to review with the members of the venire panel. Specifically, she wanted to explore whether:

- each of the panelists could follow the court's instruction to disregard any evidence improperly admitted;
- each could follow the law regarding the accused's right to remain silent at trial;
- each could consider a sentence of two years for the offense alleged;
- any of the panelists knew five particular persons whom counsel named;[4]
- any had been victims of crime in the past; and
- any wanted to serve or did not want to serve on the jury.

■ A trial court has broad discretion to control the conduct of the voir dire examination. *See Caldwell v. State,* 818 S.W.2d 790, 793 (Tex.Crim.App.1991); *Torres v. State,* 4 S.W.3d 832, 835 (Tex. App.—Texarkana 1999, pet. ref'd); *Splawn v. State,* 949 S.W.2d 867, 871 (Tex.App.— Dallas 1997, no pet.). Generally, the court should allow counsel wide latitude in conducting the voir dire. *Guerra v. State,* 771 S.W.2d 453, 467 (Tex.Crim.App.1988); *Torres,* 4 S.W.3d at 835; *Splawn,* 949 S.W.2d at 871. However, the court may place reasonable limitations on the voir dire "for various reasons, among them to curb the prolixity of what can become the lengthiest part of a criminal proceeding." *Guerra,* 771 S.W.2d at 467; *Splawn,* 949 S.W.2d at 871; *accord Torres,* 4 S.W.3d at 835. We review the propriety of such

limitations under an abuse-of-discretion standard. *McCarter v. State,* 837 S.W.2d 117, 120 (Tex.Crim.App.1992) (citing *Ex parte McKay,* 819 S.W.2d 478, 482 (Tex. Crim.App.1990)); *Torres,* 4 S.W.3d at 835.

■ When the parties conduct a voir dire examination of the venire panel collectively, an appellant demonstrates that the court's limitation of voir dire was an abuse of discretion by showing: (1) counsel did not attempt to prolong the voir dire; and (2) counsel was prohibited from asking proper voir dire questions. *Etheridge v. State,* 903 S.W.2d 1, 10 (Tex.Crim.App. 1994); *McCarter,* 837 S.W.2d at 121; *S.D.G. v. State,* 936 S.W.2d 371, 380 (Tex. App.—Houston [14th Dist.] 1996, writ denied). When counsel is not permitted to address particular questions to individual members of the venire, the appellant must also show that a panelist whom counsel was prohibited from questioning actually served on the jury. *Id.*

■ To decide whether counsel attempted to prolong the voir dire, we review the record to see if the questions counsel posed were "irrelevant, immaterial or unnecessarily repetitious." *Ratliff v. State,* 690 S.W.2d 597, 599 (Tex.Crim.App.1985); *Torres,* 4 S.W.3d at 835; *Splawn,* 949 S.W.2d at 871. As a part of this analysis, we examine whether counsel appropriately budgeted the time allotted for voir dire. *See Whitaker v. State,* 653 S.W.2d 781, 781 (Tex.Crim.App.1983); *Torres,* 4 S.W.3d at 836; *Thacker v. State,* 889 S.W.2d 380, 391 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd).

■ In Tamez's case, the State conducted its voir dire examination in thirty minutes. The court did not ask Tamez's counsel to conclude her voir dire until after nearly ninety minutes.[5] A chronological

---

4. Three of the persons identified by counsel testified as punishment witnesses for the State. The record does not reflect the relationship of the other two to Tamez's case.

5. The trial court helpfully noted for the record the amount of time each side used.

breakdown[6] of Tamez's voir dire reveals that it was conducted as follows:

| | |
|---|---|
| introductory matters (discussion of role of defense counsel and import of fair trial with unbiased jurors and explanation of strike process) | 5 minutes |
| credibility of witnesses (could jurors accept the testimony of a TDCJ inmate over the word of a TDCJ guard) | 29 minutes |
| burden of proof | 12 minutes |
| prior jury service | 10 minutes |
| definition of deadly weapon | 4 minutes |
| holding the State to the allegations of the indictment (i.e., if the State alleged that Tamez had run a stop sign, could jurors acquit if the evidence showed that he ran a red light) | 18 minutes |
| range of punishment | 4 minutes |
| silence of the accused | 4 minutes |
| leadership qualities of jurors | 4 minutes. |

Tamez's counsel spent a third of her voir dire questioning fourteen members of the venire panel who were employed by the prison or had relatives employed there (ten panelists) or who worked in law enforcement or had relatives who did (four panelists) on the issue of whether they could accept the testimony of an inmate over that of a guard. We recognize that this can be an important area of inquiry in a prison case.

Tamez's counsel also devoted twenty percent of her voir dire to two hypotheticals regarding whether the panelists would hold the State to the allegations in the indictment. Specifically, she asked whether the prospective jurors would be able to render a verdict of acquittal in a traffic case where the State alleged that the defendant ran a stop sign but the evidence showed that he ran a red light or in a murder case where the State alleged that the defendant used a particular weapon (e.g., a gun) but the evidence showed another (e.g., a bow and arrow). However, the evidence introduced at trial did not vary from the allegations of the indictment in this manner. Thus, it appears that the time spent on this area of inquiry was unduly lengthy. See Ratliff, 690 S.W.2d at 599; Torres, 4 S.W.3d at 835–36; Splawn, 949 S.W.2d at 871–72.

 Finally, we note the ninety minutes allotted Tamez's counsel for her voir dire. Our research reveals that the majority of cases in which the trial court's restriction of voir dire was found unreasonable involved limitations of less than an hour. See, e.g., McCarter, 837 S.W.2d at 118 (30 minutes); Rios v. State, 4 S.W.3d 400, 401 (Tex.App.—Houston [1st Dist.] 1999, pet. granted[7]) (45 minutes); Morris v. State, 1 S.W.3d 336, 339 (Tex.App.—Austin 1999, no pet.) (45 minutes); Tobar v. State, 874 S.W.2d 87, 88 (Tex.App.—Corpus Christi 1994, pet. ref'd) (45 minutes); ; but see Ratliff, 690 S.W.2d at 598–99 (81 minutes). It is true that each case must be examined on its own facts. Ratliff, 690 S.W.2d at 600; Torres, 4 S.W.3d at 835–36; Splawn, 949 S.W.2d at 871. However, the length of time allotted should be considered, even if it is not dispositive, because the question to be decided is whether the time allowed was "reasonable." Cf. Ratliff, 690 S.W.2d at 600; Splawn, 949 S.W.2d at 872; Ganther v. State, 848 S.W.2d 881, 882 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd).

Based on the manner in which Tamez's counsel conducted her voir dire examination, the trial court could have reasonably

---

6. These times are approximated by comparing the pages of the record devoted to Tamez's voir dire with the ninety minutes counsel used. See Ganther v. State, 848 S.W.2d 881, 883 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). Tamez's voir dire covers 46 pages in the reporter's record. Thus, each page represents approximately 2 minutes.

7. The Court of Criminal Appeals has granted discretionary review to examine whether the limitation was unreasonable and what the appropriate harm analysis for such errors is. See Rios v. State, No.2055–99 (Tex.Crim.App. Apr. 12, 2000) (Tex.Crim.App., Issues) <http://www.cca.courts.state.tx.us/Issues/ISSUES06282000.htm>.

concluded that she did not budget her time appropriately. *See Torres,* 4 S.W.3d at 836; *Splawn,* 949 S.W.2d at 872; *Thacker,* 889 S.W.2d at 391; *Ganther,* 848 S.W.2d at 883. Thus, we cannot say the court abused its discretion by denying counsel additional time. *Id.* Accordingly, we overrule Tamez's second issue.

### ADDITIONAL JURY ARGUMENT

Tamez claims in his third issue that the court abused its discretion by denying his request to present a second argument to the jury after the State concluded its argument. Tamez argues that, because he had two attorneys representing him at trial, he had a statutory right to present two arguments under article 36.08 of the Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 36.08 (Vernon 1981).

Article 36.07 of that Code vests the trial court with broad discretion to regulate jury argument. *See Brown v. State,* 475 S.W.2d 938, 957 (Tex.Crim.App.1971); *Burnett v. State,* 959 S.W.2d 652, 660 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd); TEX.CODE CRIM. PROC. ANN. art. 36.07 (Vernon 1981). Article 36.08 then provides that the court "shall never restrict the argument in felony cases to a number of addresses less than two on each side." TEX.CODE CRIM. PROC. ANN. art. 36.08.

The Court of Criminal Appeals has held that, despite the seemingly mandatory language of this statute, the trial court has discretion about whether to allow a defendant to present two arguments when he is represented by only one attorney. *See Varela v. State,* 561 S.W.2d 186, 192 (Tex. Crim.App.1978); *Pryor v. State,* 449 S.W.2d 482, 485 (Tex.Crim.App.1969); *see also Burnett,* 959 S.W.2d at 660; *Nelson v. State,* 828 S.W.2d 185, 187 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd). Even if the accused has more than one attorney, "[a]rticle 36.08 ... does not give the accused the right to rebut the closing argument of the State." *Varela,* 561 S.W.2d at 192; *see also* TEX.CODE CRIM. PROC. ANN. art. 36.07 ("the State's counsel shall have the right to make the concluding address"). Consistent with *Varela* and article 36.07, Texas courts have always rejected contentions that an appellant was denied the opportunity to rebut the State's closing argument. *See, e.g., Martinez v. State,* 501 S.W.2d 130, 132 (Tex.Crim.App. 1973); *Rankin v. State,* 872 S.W.2d 279, 286 (Tex.App.—Houston [14th Dist.] 1994), *rev'd on other grounds,* 974 S.W.2d 707 (Tex.Crim.App.1998).

■ Article 36.08 affords a defendant the right to address the jury twice in argument. *See Burnett,* 959 S.W.2d at 660; *Nelson,* 828 S.W.2d at 187; TEX.CODE CRIM. PROC. ANN. art. 36.08. When we read this statute together with article 36.07's requirement that the State shall always present the final argument, we conclude that article 36.08 requires a trial court to permit a defendant represented by more than one attorney to address the jury at least twice *before* the State presents its concluding argument. *See Medford v. State,* 13 S.W.3d 769, 773 (Tex.Crim.App. 2000) (statutes *in pari materia* must be construed to give effect to both if possible).[8]

Although Tamez had two attorneys representing him at trial, the same attorney who presented his first argument to the jury asked to present a second. Additionally, counsel did not request an opportunity to address the jury a second time until after the State had made its concluding argument. For these reasons, we conclude that no abuse of discretion is shown. *See Varela,* 561 S.W.2d at 192; *Martinez,* 501 S.W.2d at 132; *Pryor,* 449 S.W.2d at 485; *Burnett,* 959 S.W.2d at 660–61; *Rankin,* 872 S.W.2d at 286; *Nelson,* 828

---

**8.** Statutes are *in pari materia* when they "deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons or things."

*Huynh v. State,* 901 S.W.2d 480, 483 (Tex. Crim.App.1995) (quoting *Cheney v. State,* 755 S.W.2d 123, 126 (Tex.Crim.App.1988)).

S.W.2d at 187. Thus, we overrule Tamez's third issue.

We affirm the judgment.