NO. 07-01-0477-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



NOVEMBER 22, 2002



______________________________




HENRY LEE MOORE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 43,982-A; HONORABLE DAVID GLEASON, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

 Upon a plea of not guilty, appellant Henry Lee Moore was convicted by a jury of
unlawful possession of a firearm by a felon, enhanced, and punishment was assessed at
45 years confinement. In presenting this appeal, counsel has filed an Anders (2) brief in
support of a motion to withdraw. Based upon the rationale expressed herein, the motion
to withdraw is granted and the judgment is affirmed.

 In support of his motion to withdraw, counsel has certified that he has diligently
reviewed the record and, in his opinion, the record reflects no reversible error or grounds
upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967). Thus, he concludes the appeal is frivolous and without
merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel
has discussed why, under the controlling authorities, there is no error in the court's
judgment. Counsel has also shown that he sent a copy of the brief to appellant, and
informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel
has demonstrated that he notified appellant of his right to review the record and file a pro
se brief if he desired to do so. Appellant filed a pro se brief; however, the State did not
favor us with a brief. 

 Appellant and the complaining witness are related by marriage and at the time of
the incident, appellant was living with complainant in his duplex. Complainant called
police officers on April 29, 2001, to report that appellant had been drinking and that shots
had been fired. Several police officers responded to the call and after investigating at the
scene determined that appellant was not drunk and that no shots had in fact been fired. 
However, upon questioning by the officers, appellant admitted possessing a pistol that was
discovered in a bag in a closet and acknowledged that it was unlawful for him to possess
a firearm because he was on parole. Pursuant to the wishes of complainant that he did
not want appellant in his home, a trespass warning was issued and appellant was asked
to gather his belongings and leave. He was later charged with unlawful possession of a
firearm (3) and pursuant to a not guilty plea, was convicted by a jury. During the punishment
phase appellant plead true to both enhancement paragraphs and was sentenced to 45
years confinement. 

 Appellant's parole officer testified that appellant was released on parole on July 23,
1999, and would remain on parole until July 25, 2007. Section 46.04(a)(1) of the Texas
Penal Code prohibits a convicted felon from possessing a firearm after conviction and
before the fifth anniversary of his release from parole. Although the defense presented
evidence from complainant's half-brother that several months prior to the incident,
complainant was in possession of the pistol and claimed he needed it for protection, the
evidence is sufficient to establish the elements of the charged offense. 

 Counsel presents one arguable issue by which he asserts that appellant was denied
effective assistance of counsel in the cross-examination of the complaining witness when
the trial court refused to allow inquiry into his arrest and conviction for misdemeanor
possession of marihuana because it was not a crime involving moral turpitude as required
by Rule 609 of the Texas Rules of Evidence. Rule 609 provides that for impeachment
purposes, evidence that a witness has been convicted of a crime is admissible if the crime
was a felony or involved moral turpitude and its probative value outweighs its prejudicial
effect. Pursuant to the State's motion in limine which was granted, the court ruled that
prior to questioning complainant about prior convictions that were not felonies or did not
involve moral turpitude, counsel should approach the bench. While cross-examining
complainant, counsel approached the bench to discuss prior convictions. The court ruled
that a conviction for possession of marihuana was inadmissible. 

 Exclusion of inadmissible testimony does not render defense counsel's performance
ineffective. See Ybarra v. State, 890 S.W.2d 98, 113 (Tex.App.-San Antonio 1994, pet.
ref'd). In Roliard v. State, 506 S.W.2d 904, 905 (Tex.Cr.App. 1974), the Court found no
error in the trial court's limitation of cross-examination regarding the witness's use of
marihuana for purposes of impeachment. The Court noted that "[o]nly convictions of a
felony or offenses involving moral turpitude are available for . . . impeachment." Id. Thus,
defense counsel's failure to cross-examine complainant regarding a misdemeanor
conviction for possession of marihuana did not amount to ineffective assistance of counsel. 
See also In re Lock, 54 S.W.3d 305, 311 (Tex. 2001) (holding that it could not conclude
that possession of a controlled substance was a crime of moral turpitude per se in an
action to determine whether an attorney is unfit to practice law).

 We have also made an independent examination of the entire record to determine
whether there are any other arguable grounds which might support this appeal. See
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no
nonfrivolous issues and agree with counsel that the appeal is without merit and is,
therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Appellant raises ineffective assistance of appellate counsel by his pro se brief and
requests that we set aside the Anders brief and appoint new counsel. However, having
determined that this appeal is frivolous, appellant is not entitled to new counsel. Penson,
488 U.S. at 80. See also McCoy v. Court of Appeals of Wisconsin, District 1, 486 U.S.
429, 436-37, 108 S.Ct. 1895, 1901, 100 L.Ed.2d 440 (1988) (holding that counsel is under
an ethical obligation to refuse to prosecute a frivolous appeal).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of
the trial court is affirmed.

 Don H. Reavis

 Justice

Do not publish.






1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
3. Tex. Pen. Code Ann. § 46.04(a)(1) (Vernon Supp. 2003).


tempt to construe the issue presented by Appellant. 
Appellant contends the trial court abused its discretion by refusing to grant her motion to
dismiss based on her assertion that the State’s indictment “failed to allege the commission
of a crime.” On the one hand, if we construe that issue as contending the indictment failed
to allege the commission of a felony, then we must address certain jurisdictional issues,
including the waiver of indictment defects. On the other hand, if we construe that issue as
contending the indictment failed to allege the commission of any offense (i.e. a crime), then
we are faced with a different set of considerations, i.e., whether Appellant would have been
entitled to a directed verdict of acquittal under any construction of the indictment. Based
upon a reading of the motion to dismiss, the arguments of counsel, and the relief
requested, it is apparent that Appellant is contending that she is entitled to a dismissal of
the indictment because the allegations contained in the indictment, even if true, failed to
allege the commission of an offense. With this construction in mind, we will first address
the issue of the trial court’s subject-matter jurisdiction before addressing Appellant’s
contention that the indictment failed to allege the commission of an offense.
 

II.       Jurisdiction of the Trial Court
           Where, as here, the record itself raises a question as to the trial court’s subject-matter jurisdiction, we must address that issue, sua sponte, before proceeding to any other
issue. State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996), overruled on other
grounds, State v. Medrano, 67 S.W.3d 892, 903 (Tex.Crim.App. 2002)(threshold issue of
jurisdiction must be disposed of before addressing substantive issues because subject-matter jurisdiction cannot be conferred by agreement of the parties, but must be vested in
a court by constitution or statute). Where there is no jurisdiction, the power of the court to
act is “as absent as if it did not exist”; Garcia v. Dial, 596 S.W.2d 524, 528 (Tex.Crim.App.
1980) (quoting Ex parte Caldwell, 383 S.W.2d 587, 589 (Tex.Crim.App. 1964)), and any
order or judgment entered by a court lacking jurisdiction is void. Nix v. State, 65 S.W.3d
664, 668 (Tex.Crim.App. 2001); Gallagher v. State, 690 S.W.2d 587, 589 n.1
(Tex.Crim.App. 1985). 
          Under § 37.10 of the Penal Code, a person commits the offense of tampering with
a governmental record if he or she “knowingly makes a false entry in, or false alteration of,
a governmental record.” Tex. Penal Code Ann. § 37.10(a)(1) (Vernon Supp. 2007).


 
Subsection (c)(1) classifies the above-quoted offense as a Class A misdemeanor. 
However, the offense becomes a state jail felony if the actor’s intent is to defraud or harm
another, § 37.10(c)(1); and it becomes a third-degree felony if the governmental record
was (1) a public school record, report or assessment instrument, or (2) license, permit,
seal, title, letter of patent, or similar document issued by the government. See §
37.10(c)(2). Therefore, for a defendant to be charged and convicted of felony tampering
with a governmental record, the State must additionally allege and prove that either the
defendant intended to defraud or harm another, or the governmental record was of the type 
described. 
          It is well settled that a constitutionally sufficient indictment is essential to vest a
district court with jurisdiction in a criminal case. See Tex. Const. art. V, § 12(b); State v.
Smith, 957 S.W.2d 163, 165 (Tex.App.–Austin 1997, no pet.). The indictment in this case
alleges that Appellant “knowingly [made] a false entry in a governmental record.” The
indictment does not allege that, when Appellant presented her surety bond and/or oath,
she intended to defraud or harm another. Nor does the indictment allege the governmental
record was of the type necessary to make the offense a third-degree felony. Although the
caption of the indictment describes the punishment grade as “SJF Degree Felony,” the
caption is not a part of the indictment but mere surplusage. Adams v. State, 222 S.W.3d
37, 53 (Tex.App.–Austin 2005, pet. ref’d); Thibodeaux v. State, 628 S.W.2d 485, 487
(Tex.App.–Texarkana 1982, no pet.). See 23 Tex. Jur. 3d Criminal Law § 2650 (2001). 
Thus, we conclude the indictment in this case alleged a Class A misdemeanor offense of
tampering with a governmental record. See § 37.10(a)(1).
          District courts have subject-matter jurisdiction only over felonies, misdemeanors
involving official misconduct, and misdemeanor cases transferred to the district court under
article 4.17 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 4.05
(Vernon 2005). In the instant case, the indictment does not allege a felony or other offense
for which a district court has jurisdiction. Thus, on its face, the indictment fails to satisfy
the constitutional requirement of subject-matter jurisdiction. See Teal v. State, 239 S.W.3d
172, 181 (Tex.Crim.App. 2007). However, our inquiry does not end there. 
          The presentment of an indictment, signed by the grand jury foreman and presented
to the district court, which alleges that a person committed a misdemeanor offense vests
the district court with jurisdiction if the allegations are clear enough that the accused can
identify the offense alleged. Id. at 179-81. (indictment charging defendant with
misdemeanor was sufficient to vest the district court with subject-matter jurisdiction where
indictment was capable of being construed as intending to charge a felony or a
misdemeanor for which the district court has jurisdiction). In Teal the indictment charged
the defendant with hindering apprehension. The 9th Court of Appeals vacated the
defendant’s felony conviction after concluding that the district court lacked subject-matter
jurisdiction because the indictment failed to allege the additional statutory conditions
necessary to elevate the misdemeanor offense to a felony grade offense. Specifically, the
indictment failed to allege that Teal had knowledge that the person harbored or assisted
was facing arrest, charge, or had been convicted of a felony. After granting the State’s
petition for discretionary review, the Court of Criminal Appeals reversed the Court of
Appeals holding that an indictment, although defective for failing to allege the conditions
that would elevate the offense to a felony, vests the district court with subject-matter
jurisdiction if “it accuses someone of a crime with enough clarity and specificity to identify
the penal statute under which the State intends to prosecute, even if the instrument is
otherwise defective.” Id. at 181. The Court reasoned that the failure to allege the
conditions necessary to elevate the offense to a felony were substantive defects, subject
to waiver, that did not render the indictment “void.” Id. at 178. 
          And that brings us back to our construction of Appellant’s motion to dismiss. Having
construed Appellant’s motion to dismiss as a motion that did not object to a defect in the
indictment (i.e., failure to allege a felony offense), we find that Appellant waived that
objection. Tex. Code Crim. Proc. Ann. art. 1.14(b). Our conclusion is further supported
by Appellant’s representation during oral arguments that it was a conscious decision not
to raise the misdemeanor versus felony argument.
II.       Failure to Allege the Commission of an Offense
          Appellant contends that even if the entry alleged (the representation that “[Appellant
had] property in this State liable to execution worth forty thousand dollars”) were untrue,
such entry would not constitute a false entry in a governmental record because the
representation was not required by the Code of Criminal Procedure article governing the
making of a surety bond. Alternatively, she argues that the entry could not have defrauded
or harmed the person to whom it was given, i.e., the Childress County Sheriff, because the
sheriff knew it was false when made. 
          Appellant cites no authority supporting her contentions. Without same, the issue
is inadequately briefed and, therefore, waived. See Tex. R. App. P. 38.1(h); Cardenas v.
State, 30 S.W.3d 384, 393 (Tex.Crim.App. 2000).
Conclusion
          Appellant’s issue is overruled and the trial court’s judgment is affirmed.
 
                                                                           Patrick A. Pirtle

                                                                                 Justice



Do not publish.