Opinion issued September 28, 2006







                                                                  



     





In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00501-CR




 TY WESTON LOTHRINGER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 955429




MEMORANDUM OPINION

           Appellant, Ty Weston Lothringer, appeals from the trial court’s judgment
convicting him for the second degree felony offense of aggravated assault. See Tex.
Pen. Code Ann. § 22.02(a)(2) & (b)(1) (Vernon 2005). The trial court assessed
punishment at ten years in prison after adjudicating appellant’s guilt. In two issues,
appellant asserts that the trial court abused its discretion by denying his motion for
a new trial because (1) a fatally defective indictment deprived the trial court of
jurisdiction to adjudicate guilt and (2) his original plea was involuntary due to
ineffective assistance of counsel. We conclude that we have no jurisdiction over this
appeal because the issues complained of here could be properly raised only during an
appeal of his original sentence when appellant was placed on deferred adjudication. 
We therefore dismiss the appeal for want of jurisdiction. 
Procedural Background
          Appellant was charged by an indictment that alleged that he, “on or about July
16, 2003, did then and there unlawfully, intentionally and knowingly threaten
CHERYL, a member of the Defendant’s FAMILY with imminent bodily injury by
using and exhibiting a deadly weapon, namely, A FIREARM.”


 Appellant pleaded
guilty with an agreed recommendation from the State for five years’ deferred
adjudication community supervision. The trial court accepted appellant’s guilty plea,
placed him on deferred adjudication community supervision and certified that
appellant had no right to appeal the case. 
          On January 26, 2005, the State filed a third amended motion to adjudicate
appellant’s guilt alleging that he violated the terms and conditions of his community
supervision by (1) assaulting Cheryl Lothringer, (2) consuming alcohol, and (3)
failing to report to his supervision officer. At the hearing on the motion to adjudicate,
Cheryl testified that appellant assaulted her by choking her. The trial court found true
the assault allegation, and sentenced appellant to ten years in prison on February 10,
2005. 
          Appellant filed a motion for new trial asserting that the conviction was void
due to a defective indictment that failed to state Cheryl’s last name, and that he was
denied effective assistance of counsel at his original trial. At the new trial hearing,
the evidence showed that the file of the attorney who represented appellant when he
originally pleaded guilty to the offense did not contain a copy of the indictment that
charged appellant with the offense, and included an affidavit from Cheryl that stated
that she was not afraid of appellant and did not believe that he was capable of causing
her physical injury. The trial court denied the motion for new trial. The trial court
certified that appellant had the right to appeal the case.  
Jurisdiction
          The State asserts that we have no jurisdiction to address appellant’s issues
raised in this appeal because those issues should have been presented during an
appeal from appellant’s original plea of guilty to the offense, when he was placed on
deferred adjudication. Appellant responds that we have jurisdiction because the
indictment is void. 
          As a general rule, a defendant placed on deferred adjudication community
supervision may raise issues relating to the original plea proceeding only in appeals
taken when deferred adjudication community supervision is first imposed. Manuel
v. State, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). However, an exception
to this rule exists when the trial court’s judgment is determined to be void. Nix v.
State, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001). Though rare, a void judgment
is a “nullity” and can be attacked at any time. Id. One situation in which a judgment
for conviction of a crime may be found void occurs when the charging instrument
does not satisfy the constitutional requisites of a charging instrument, thus depriving
the trial court of jurisdiction.


 Id. 
          Here, the charging instrument in question is an indictment. The constitutional
requisites for an indictment are established by article V, section 12(b) of the Texas
Constitution, and are satisfied by a written instrument accusing a person of the
commission of an offense with enough clarity and specificity to identify the penal
statute under which the State intends to prosecute, even if the instrument is otherwise
defective. Duron v. State, 956 S.W.2d 547, 550–51 (Tex. Crim. App. 1997); see Tex.
Const. art. V, §12(b). The presentment of a constitutionally sufficient indictment to
a court invests the court with jurisdiction over the cause. See Tex. Const. art. V,
§12(b); Duron, 956 S.W.2d at 550; State v. Smith, 957 S.W.2d 163, 165 (Tex.
App.—Austin 1997, no pet.). 
          By alleging that appellant intentionally and knowingly threatened a family
member named Cheryl with imminent bodily injury by using and exhibiting a deadly
weapon, the indictment clearly and specifically charges appellant with aggravated
assault, see Tex. Pen. Code Ann. § 22.02(a)(2) & (b)(1) (Vernon 2005), and the
indictment therefore satisfies the requirements of the constitution. See Duron, 956
S.W.2d at 550–51; Smith, 957 S.W.2d at 165. The constitutionally sufficient
indictment here invested the court with jurisdiction over the aggravated assault charge
against appellant. See Tex. Const. art. V, §12(b); Duron, 956 S.W.2d at 550; Smith,
957 S.W.2d at 165. Because the indictment satisfies the constitutional requisites of
a charging instrument, the judgment here is not void. See Nix, 65 S.W.3d at 667–68.
          Although the indictment failed to list Cheryl’s last name, in apparent violation
of article 21.07 of the Code of Criminal Procedure,


 the indictment charged the felony
offense of aggravated assault, thus meeting the constitutional requirements for an
indictment. We conclude that appellant’s challenges to the indictment are statutory,
not constitutional, and that the indictment, which plainly charges appellant with the
felony of aggravated assault, is not void. 
          Appellant, however, asserts that because Cheryl’s last name was not included
in the indictment, he could potentially be subject to double jeopardy. Appellant did
not assert a double jeopardy objection to the trial court when he pleaded guilty to the
aggravated assault, and he waived his right to appeal the sentence that placed him on
deferred adjudication. We conclude that we have no jurisdiction to address
appellant’s complaints about the alleged potential for double jeopardy due to the
indictment’s description of the complainant only as Cheryl.



          Appellant also complains of ineffective assistance of counsel rendered by the
trial counsel who represented him when he pleaded guilty. That complaint pertains
to his original sentence when he was placed on deferred adjudication over which we
have no jurisdiction. See Manuel, 994 S.W.2d at 661–662; see also Cozzi v. State,
160 S.W.3d 638, 640 (Tex. App.—Fort Worth 2005, pet. ref’d) (holding claim of
ineffective assistance of counsel at time of guilty plea must be raised in appeal from
order placing appellant on deferred adjudication community supervision, not after
guilt is adjudicated); Webb v. State, 20 S.W.3d 834, 836 (Tex. App.—Amarillo 2000,
no pet.) (same). 
          We hold that we have no jurisdiction to consider appellant’s challenges to the
indictment, to the claim of double jeopardy, and to his original trial counsel’s
representation because those matters needed to be raised during an appeal of the trial
court’s order placing him on deferred adjudication. Manuel, 994 S.W.2d at 661–62;
Cozzi, 160 S.W.3d at 640; Webb, 20 S.W.3d at 836.Conclusion
We dismiss this appeal for want of jurisdiction.
 

                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.

Do not publish. Tex. R. App. P. 47.2(b).