**Affirm and Opinion Filed July 26, 2013**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-01148-CR**

**No. 05-12-01149-CR**

**No. 05-12-01150-CR**

**KENTRAIL RAY MCCUIN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No.'s F12-51308-L, F12-51309-L, F12-51310-L**

## OPINION

Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice FitzGerald

Appellant was convicted by a jury of evading arrest or detention, unlawful possession of a firearm by a felon, and possession with intent to deliver more than one gram and less than four grams of cocaine in a drug-free zone while using or exhibiting a deadly weapon. The trial court assessed punishment at two years' imprisonment in the evading case, five years' imprisonment in the firearm case, and twenty years' imprisonment in the delivery case, and ordered that the sentences be served consecutively. In two issues on appeal, appellant claims the trial court lacked jurisdiction in the evading and delivery cases because the cases were not properly transferred, and the trial court erred in giving a reasonable doubt instruction to the jury in all three cases. Finding no reversible error, we affirm the trial court's judgments.

## BACKGROUND

One evening while on patrol in a high crime area of South Dallas, Officer Christopher Nilsen and his partner observed what they believed to be a hand-to-hand drug transaction. When the officer stopped his car to investigate, one of the men, later identified as appellant, took off running. The officer yelled for appellant to stop and get on the ground, but appellant kept running. As the officer chased appellant, he tripped on a curb and fell down. The officer caught up to appellant and ordered him to stay on the ground. Appellant tried to get up, but the officer fell on top of him. As this occurred, the officer heard the sound of a gun striking the pavement. After appellant was handcuffed, the officers found a gun and a clear plastic baggie containing other smaller baggies of cocaine in appellant's pocket.

In the evading case, a grand jury was impaneled by the 194th District Court of Dallas County. Following the return of the indictment, the case was filed in Dallas County Criminal District Court Number Five, along with the firearm case. In the delivery case, a grand jury was impaneled by the 283rd District Court of Dallas County. Following the return of the indictment, the case was also filed in Criminal District Court Number Five. Thus, all three cases were filed and tried in Criminal District Court Number Five.

## DISCUSSION

*Transfer of Cases*

In his first issue, appellant complains that the trial court failed to properly transfer the evading case and the delivery case to Criminal District Court Number Five ("CD5"). Therefore, according to appellant, CD5 never acquired jurisdiction over these cases. In making this argument, appellant acknowledges that the failure to properly transfer a case cannot be raised for the first time on appeal. *See Garcia v. State*, 901 S.W.2d 731,732–33 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd).

Appellant's statement is a correct recitation of the law. In those situations when a transfer order is necessary, the fact that a transfer order does not appear in the record is a procedural matter, not a jurisdictional one. *Lemasurier v. State*, 91 S.W.3d 897, 899 (Tex. App.—Fort Worth 2002, pet. ref'd). As a result, the absence of a transfer order does not render the actions of the transferee trial court void, but rather, subject to a plea to the jurisdiction. *Id.* at 900–01. A defendant who fails to file a timely plea to the jurisdiction waives the right to complain about the absence of a transfer order on appeal. *See id.*

In the instant case, however, no transfer order was required. Although a specific court may impanel a grand jury, it does not necessarily follow that all cases returned by that grand jury are assigned to that court. *See Bryant v. State*, No. 05-12-012080CR, 2013 WL 1896279, at *1 (Tex. App.—Dallas May 6, 2013, no pet. h) (mem. op., not designated for publication); *Tamez v. State*, 27 S.W.3d 668, 675 n.1 (Tex. App.—Waco 2000, pet. ref'd). A transfer order is not required when the record shows that a case was heard by the court in which the indictment was originally filed. *See Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd). Nothing in the record indicates the cases were ever filed in or appeared on the trial docket of the 194th or 283rd District Courts. To the contrary, the record reflects that all three indictments were filed and the cases heard in CD5. As a result, CD5 had jurisdiction over the cases and an order transferring the cases from the courts convening the grand juries was not required. Appellant's first issue is overruled.

### Jury Charge

In his second issue, appellant contends the trial court erred by including a definition of reasonable doubt in the charge. We disagree.

In support of his argument that the trial court committed charge error, appellant relies on *Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000). In *Paulson*, the court of criminal

appeals held that "the better practice is to give no definition of reasonable doubt at all to the jury." *Id*. In a subsequent decision, however, the court concluded that a trial court does not abuse its discretion by giving the complained-of instruction. *Mays v. State*, 318 S.W.3d 368, 389 (Tex. Crim. App. 2010).

Regardless, in the present case, there was no instruction on reasonable doubt. In all three cases, the court instructed the jury that: "It is not required that the prosecution prove guilt beyond all possible doubt. It is required that the prosecution's proof excludes all reasonable doubt concerning the defendant's guilt." This Court has previously considered this instruction and concluded it does not define "reasonable doubt." *See O'Canas v. State*, 140 S.W.3d 695, 702 (Tex. App.—Dallas 2003, pet. ref'd).

In *O'Canas*, our Court stated "[w]hat constitutes proof 'beyond a reasonable doubt' is not subject to definition by the trial court because it is up to the jurors to determine whether their doubts, if any, about the defendant's guilt are reasonable." *Id*. at 702. But we also concluded that the same wording about which appellant now complains does not define reasonable doubt. Instead, it "simply state[s] the legally correct proposition that the prosecution's burden is to establish proof beyond a reasonable doubt and not all possible doubt." *Id*.; *accord Bates v. State*, 164 S.W.3d 928, 931 (Tex. App.—Dallas 2005, no pet.); *Wright v. State*, No. 05-10-00186-CR, 2012 WL 3104381, at *2 (Tex. App.—Dallas 2012, no pet.). For the reasons stated in *O'Canas*, we reject appellant's argument and overrule his second issue.

Having resolved all of appellant's issues against him, we affirm the trial court's judgments.

/Kerry P. FitzGerald/

KERRY P. FITZGERALD
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121148F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KENTRAIL RAY MCCUIN, Appellant

No. 05-12-01148-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F12-51308-L.
Opinion delivered by Justice FitzGerald.
Justices Francis and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 26, 2013

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KENTRAIL RAY MCCUIN Appellant

No. 05-12-01149-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 5, Dallas County, Texas
Trial Court Cause No. F12-51309-L.
Opinion delivered by Justice FitzGerald.
Justices Francis and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered July 26, 2013


/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MCCUIN, KENTRAIL RAY, Appellant

No. 05-12-01150-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 5, Dallas County, Texas
Trial Court Cause No. F12-51310-L.
Opinion delivered by Justice FitzGerald.
Justices Francis and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 26, 2013

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE